16 F.3d 161
 64 Fair Empl.Prac.Cas. (BNA) 7, 63 Empl. Prac.
Dec. P 42,831,
28 Fed.R.Serv.3d 400
 James C. HALAS, Plaintiff-Appellant,
v.
CONSUMER SERVICES, INCORPORATED, an Illinois Corporation in
involuntary dissolution, Circulation Promotions,
Incorporated, an Illinois Corporation in involuntary
dissolution, Marketing USA, Incorporated, an Illinois
Corporation in involuntary dissolution, John F. Ryan, an
individual, and Chicago Tribune Company, an Illinois
Corporation, Defendants-Appellees.
 No. 92-2921.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 24, 1993.
Decided Feb. 7, 1994.
 
 Steven J. Plotkin (argued), Plotkin & Jacobs, Chicago, IL, for plaintiff-appellant.
 Howard L. Mocerf, Borovsky & Ehrlich, John W. Powers (argued), Amy P. Hartman, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, for defendants-appellees.
 Before BAUER and EASTERBROOK, Circuit Judges.[1]
 BAUER, Circuit Judge.
 
 
 1
 "For a long time courts were reluctant to enter default judgments, and appellate courts were reluctant to sustain those that were entered.... Those times are gone"--thankfully. Metropolitan Life Ins. Co. v. Estate of Cammon, 929 F.2d 1220, 1224 (7th Cir.1991). In the instant case, James Halas filed a two count employment discrimination complaint against Consumer Services, Inc., Circulation Promotions, Inc., Marketing USA, Inc. and John F. Ryan (collectively, the "Ryan defendants") and the Chicago Tribune Company (the "Tribune"). The complaint alleged that Halas was fired because of his age and that the firing constituted a retaliatory discharge. After twenty-one months of fruitless and unproductive litigation, Halas failed to attend his deposition, which had been repeatedly rescheduled to accommodate him. The district court found that Halas' failure to comply with discovery and other orders of that court were willful. As a result, the district court granted the joint motion to dismiss of the Ryan defendants and the Tribune pursuant to Rule 37(b) of the Federal Rules of Civil Procedure and dismissed the action with prejudice. We affirm.
 
 I. Facts
 
 2
 Because the issue in this case is Halas' lack of prosecution, we review the events comprising the twenty-one month life of this lawsuit. See Lockhart v. Sullivan, 925 F.2d 214, 218 (7th Cir.1991) (citing Lowe v. City of East Chicago, 897 F.2d 272, 274 (7th Cir.1990)). For a brief period, this litigation followed a normal course. The complaint was filed on October 28, 1990. By February 15, 1991, the Tribune and the Ryan defendants had filed their answers to the complaint, three status hearings had been held, and both parties filed written discovery requests. On April 17, 1991, the Tribune and the Ryan defendants deposed Halas. The deposition was not completed on this date, and the Tribune and the Ryan defendants indicated to Halas that at least one more day was needed to complete the deposition. In addition, the Tribune and the Ryan defendants asked Halas to produce certain documents included in their document requests that he had not yet produced.
 
 
 3
 It was after Halas' partial deposition that these proceedings began to stagger. In May, 1991, Halas' attorney withdrew from the case. From May through September, 1991, Halas appeared at status hearings and represented that he was on the verge of retaining counsel; during this time, the Tribune, the Ryan defendants, and the district court agreed to delay the proceedings until Halas secured new representation. Finally, in October, Halas retained new counsel.
 
 
 4
 At this point, the Tribune and the Ryan defendants served written discovery requests and stated that they would continue Halas' deposition after Halas produced documents in response to the discovery requests. Then, the district court set January 31, 1992, as the close of discovery and directed the parties to submit a pretrial order by March 2, 1992. On December 26, 1991, however, Halas filed a motion for extension of discovery due to possible side effects from medication taken by Halas as a result of his voluntary participation in a medical study by a local hospital from September, 1991, through January, 1992. The Tribune and the Ryan defendants did not object to Halas' motion, which was granted, and the district court extended discovery to March 30, 1992, and set the new date for the final pretrial order for May 18, 1992.
 
 
 5
 Even after all these accommodations to Halas, this litigation continued to languish. The Tribune and the Ryan defendants had set the date for Halas' deposition for February 5, 1992, but because Halas had failed to produce documents requested in the October discovery requests until two days before the deposition, it was postponed until later that month. At this point, the Tribune and the Ryan defendants reiterated a position it had pressed the previous summer that the lawsuit was frivolous and that, if they prevailed, they would seek attorneys' fees. Later that month, Halas' attorney withdrew from the case the day before Halas was to be deposed,[2] prompting another postponement of Halas' deposition.
 
 
 6
 In her final act, Halas' attorney informed the district court that Halas intended to seek yet another lawyer to continue the action. After Halas failed to appear at a March status hearing, the district court vacated the previous discovery deadline and set a status hearing for April. At that April status hearing, the district court explained to Halas his potential liability if he continued to pursue a frivolous legal claim. At a June status hearing, Halas, for the first time, requested court-appointed counsel; his motion was denied, and he was told by the district court that "with or without a lawyer" it was his responsibility to prepare the case for trial. The court also told Halas that he must make himself available for his deposition or suffer dismissal of the action for lack of prosecution.
 
 
 7
 On June 5, 1992, the Tribune and the Ryan defendants noticed Halas' deposition to commence on June 23, 1992 at 10:00 a.m. A copy of the notice of deposition was mailed to Halas that day, which he admitted receiving. On June 23, 1992, however, Halas failed to show for his deposition. Counsel for the defendants attempted to contact Halas at his home, but, unable to reach him, could only leave him a message on his answering machine.
 
 
 8
 The Tribune and the Ryan defendants immediately filed a motion to dismiss for failure to prosecute pursuant to Rules 37 and 41.[3] The parties appeared before the district court on June 29; Halas admitted that he had received the notice of deposition, but offered no reason for his failure to appear or to contact opposing counsel. The district court gave Halas one week to respond in writing to the motion to dismiss. Halas' written submission to the court did not explain his failure to appear at the deposition or to contact opposing counsel, but did make several groundless accusations of the Tribune and the Ryan defendants[4] and stated that he continued to seek legal representation. Finally, at the last status hearing in this case, held on July 9, 1992, the district court granted the defendants' motion to dismiss for lack of prosecution.
 
 II. Analysis
 
 9
 Against this backdrop, we must decide whether the district court erred in dismissing Halas' case for lack of prosecution. We review the dismissal of an action for failure to prosecute only for an abuse of discretion. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976); Profile Gear Corp. v. Foundry Allied Indus., Inc., 937 F.2d 351, 353 (7th Cir.1991); Lockhart v. Sullivan, 925 F.2d 214, 217 (7th Cir.1991). In addition, we review any findings of fact by the district court under the clearly erroneous standard. Profile Gear, 937 F.2d at 353; United States v. Di Mucci, 879 F.2d 1488, 1494 (7th Cir.1989). A plaintiff's failure to prosecute usually entails his failure to comply with our court system's rules of discovery; Rule 37 of the Federal Rules of Civil Procedure addresses a party's failure to comply with discovery requirements. In his brief, Halas argues that the district court, in dismissing the action, did not follow the dictates of Rule 37 and that the Tribune and Ryan defendants failed to comply with the district court's local rules in filing its motion to dismiss. Each of these arguments fails.
 
 
 10
 Rule 37(b) provides that a district court may impose various sanctions on a party who fails to comply with a court order. These sanctions enable a district court to prevent the parties to a lawsuit from "unjustifiably resisting discovery." Fed.R.Civ.P. 37 advisory committee's note (1970 amend.). Specifically, Rule 37(b)(2) provides:
 
 
 11
 If a party ... fails to obey a court order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: (C) An order ... dismissing the action or proceeding or any part thereof....
 
 
 12
 Halas argues that there was no court order with which he failed to comply and that there was no showing of willfulness, bad faith or fraud with respect to his failure to attend his deposition. We specifically rejected the identical argument in similar circumstances in Tamari v. Bache & Co. (Lebanon) S.A.L., 729 F.2d 469 (7th Cir.1984). First, a formal, written order to comply with discovery requests is not required under Rule 37(b); an oral directive from the district court provides a sufficient basis for Rule 37(b)(2) sanctions if it unequivocally directs the party to provide the requested discovery. Tamari, 729 F.2d at 472 (citations omitted); see Charter House Ins. Brokers, Ltd. v. New Hampshire Ins. Co., 667 F.2d 600, 604 (7th Cir.1981); Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (8th Cir.1992); Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir.1991).
 
 
 13
 In this case, the district court gave Halas such an unequivocal directive. After exhibiting extraordinary patience with Halas, the district court informed Halas on April 30, 1992, that he must be prepared to pursue the lawsuit himself. Further, on June 2, 1992, the district court set the date for the end of discovery as July 20, 1992, and stated to Halas: "I am going to set a time table, and it's your job, with or without a lawyer, to do what is necessary in order to satisfy [the discovery time table] so that we can get on with this lawsuit." Further, on that date, in response to an inquiry from the Tribune's counsel as to Halas' obligation to attend his deposition, the district court stated:
 
 
 14
 Oh, he has to make himself available[.] Because of course if he fails to do that, you know the party that invokes the Court's jurisdiction is directly responsible for pursuing the litigation. And failure to do that can result in the action being dismissed for lack of prosecution. So that being responsive to discovery requests is just as much an element of prosecution of your own lawsuit as the active steps that you take in pursuit of the defendants. So that should be plain.
 
 
 15
 It is difficult to imagine a more clear directive from the court to Halas as to his responsibilities with respect to the prosecution of the lawsuit or a more straightforward articulation of the penalties associated with a failure to perform these responsibilities. These oral statements by the district court to Halas, therefore, do constitute an order to provide or permit discovery.
 
 
 16
 Moreover, Halas misconstrues the rule's language: "fails to obey an order." He believes it means that sanctions are only appropriate where a party violates a court order because of willfulness, bad faith or fraud. "The weight of authority, however, holds that the culpability of a party who fails to comply with a court order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all." Tamari, 729 F.2d at 473 (citing Societe Internationale v. Rogers, 357 U.S. 197, 208, 78 S.Ct. 1087, 1093, 2 L.Ed.2d 1255 (1958); Marquis v. Chrysler Corp., 577 F.2d 624, 642 (9th Cir.1978)); see Fed.R.Civ.P. 37 advisory committee's note (1970 amend.). The simple failure to comply is enough, notwithstanding a complete lack of culpability on Halas' part. This distinction, though, is not relevant here because the district court found that Halas' failure to attend his deposition was willful. This finding is not clearly erroneous because the record indicates that Halas was instructed to attend by the court, he received notice, and offers no excuse as to his failure to attend. Thus, the requirements of Rule 37(b) have been met.
 
 
 17
 While we agree with Halas that dismissal with prejudice is a harsh sanction, it is an appropriate one in this case. It is axiomatic that the district court need not impose a lesser sanction prior to assessing the sanction of dismissal. See, e.g., Profile Gear, 937 F.2d at 354; Lockhart, 925 F.2d at 219; Patterson v. Coca-Cola Bottling Co. Cairo-Sikeston Inc., 852 F.2d 280, 284 (7th Cir.1988) (all quoting Hal Commodity Cycles Mgmt. Co. v. Kirsh, 825 F.2d 1136, 1139 (7th Cir.1987) ("A district court is not required to fire a warning shot" before assessing the sanction of dismissal.)). Here, after twenty-one months and a series of delays caused solely by Halas, he again violated the most essential and direct discovery order issued by the court: attend your deposition. The Tribune and the Ryan defendants finally deserved to be released from the obligation of defending what in all likelihood is a frivolous lawsuit.[5]
 
 
 18
 For most of the same reasons, Rule 37(d) also supports the district court's decision. That rule avails the district court of the same sanctions set out in Rule 37(b) if a party "fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice." Because Halas' final dilatory tactic was to ignore his scheduled deposition, Rule 37(d) applies here, and, for the same reasons, dismissal is appropriate.[6]
 
 
 19
 Finally, Halas argues that the Tribune and the Ryan defendants failed to comply with General Rule 12(K) of the Rules of the Northern District of Illinois. Rule 12(K) provides:
 
 
 20
 To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after personal consultation and sincere attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such personal consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.
 
 
 21
 The intent of Rule 12(K) is to require parties to make a good faith effort to resolve discovery disputes informally, outside of court, without invoking judicial intervention. In their joint motion to dismiss, the Tribune and the Ryan defendants fully articulated the problems they had encountered with Halas and his failure to attend his deposition; this explanation comports with Rule 12(K). Moreover, it would be incongruous to require them to provide more detail in their motion to the district court given that they were simply explaining how Halas had just violated a direct order by the district court.
 
 III. Conclusion
 
 22
 For the foregoing reasons, we hold that the district court did not abuse his discretion in dismissing Halas' action pursuant to Rule 37 of the Federal Rules of Civil Procedure, and its decision is therefore
 
 
 23
 AFFIRMED.
 
 
 
 [1]
 The Honorable Michael S. Kanne heard oral argument in this case but took no part in the consideration thereof
 
 
 [2]
 Because the attorney-client relationship is involved, both the defendants and the district court refrained from speculating as to the reason that two attorneys withdrew their representation from Halas after working on his case for months. For that very reason, we also refrain from delving into this matter. Even the most impartial mind, however, cannot ignore the coincidence of the timing of the withdrawals and the threat of Rule 11 sanctions
 
 
 [3]
 Because the district court grounded its decision on rule 37 and Halas challenges the district court's decision on only this ground, we do not reach any issues with respect to Rule 41
 
 
 [4]
 Halas accused the defendants of forcing his two previous attorneys to withdraw, canceling his deposition and then purposefully rescheduling it for a date when he was unrepresented, and choosing federal court as a forum to resolve the dispute rather than an alternative method of dispute resolution. These accusations are completely without any basis in fact
 
 
 [5]
 Halas suggests that this is too harsh a sanction for such a "young" lawsuit. This specious argument is made in light of precedent on which Halas relies. Those cases considered "young" lawsuits to be, generally, less than a year old and still worthy of dismissal. See Lockhart, 925 F.2d at 216 (dismissing a case after nine months); Diehl v. H.J. Heinz Co., 901 F.2d 73, 74 (7th Cir.1990) (considering a case worthy of dismissal after seven months); Tolliver v. Northrop Corp., 786 F.2d 316 (7th Cir.1986) (dismissing a case after six months); cf. Profile Gear, 937 F.2d 351 (dismissing a case after twenty months). Given our painstaking review of the events comprising this litigation, the Tribune and the Ryan defendants must consider this lawsuit anything but "young!"
 
 
 [6]
 Rule 37(d) also dispenses with a requirement of willfulness. Further, the selection of sanctions under this rule is aligned with the reasoning underlying the selection of sanctions in Rule 37(b). Rule 37(d) advisory committee's note (1970 amend.)