56 F.3d 67
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Sylvia MILLER, Plaintiff-Appellant,
v.
ILLINOIS STATE BOARD OF ELECTIONS, et al., Defendants-Appellees.
 No. 92-2995.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 18, 1995.[1]
Decided May 18, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 In a nearly unintelligible brief, plaintiff Sylvia Miller challenges the district court order dismissing her civil rights action[2] for want of prosecution. We review for abuse of discretion. Halas v. Consumer Services, Inc., 16 F.3d 161, 163 (7th Cir. 1994).
 
 
 2
 Miller failed to appear at four hearings before the district court. Two of the hearings were for the purpose of verifying the status of Miller's action; a third hearing was held on Miller's emergency motion to expedite her case and for a transfer; and a fourth hearing was held on Miller's motion to certify an earlier court order. Miller makes no effort to explain why she negligently conducted the litigation.[3] Instead, in her only reference to the failure to prosecute this suite, she remarks that cases should not be dismissed because of failure to comply with Federal Rules of Civil Procedure, if the plaintiffs present valid cases having merit. Quite the contrary is true. Even a worthy civil claim will not absolve litigants from blatant refusal to comply with rules requiring appearances in court. See Johnson v. Kamminga, 34 F.3d 466 (7th Cir. 1994), cert. denied, 115 S. Ct. 1373 (1995).
 
 
 3
 We conclude that the district court did not abuse its discretion in dismissing the suit with prejudice. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [2]
 The action sought to have voting registration requirements adjusted so that plaintiff, a homeless person, could vote in the 1989 mayoral election in Chicago; permit her name to be included on the election ballot for the 1989 mayoral race; and require a special election when the office of State's Attorney of Cook County was vacated in 1989
 
 
 [3]
 Recently, we sanctioned Miller for filing frivolous motions in this appeal