62 F.3d 1419
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Larry M. JONES, Plaintiff-Appellant,
v.
ILLMO RX SERVICE INCORPORATED, John Gerber, and Chris
Hargrove, Defendants-Appellees.
 No. 94-3260.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 13, 1995.*
Decided July 13, 1995.
 
 Before POSNER, Chief Judge, and PELL and CUDAHY, Circuit Judges.
 
 ORDER
 
 1
 Larry Jones appeals the district court's decision dismissing his civil rights suit with prejudice for want of prosecution. Fed. R. Civ. P. 41(b). We affirm.
 
 
 2
 In June 1994, Jones sued his former employer, Illmo Rx Service Incorporated, alleging that he was unlawfully terminated in violation of 42 U.S.C. Secs. 1981, 1985 and 1986. The defendants moved the court to dismiss the action for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). They argued that Jones failed to allege that he was terminated from his job because of his race and that the Sec. 1986 claim was barred by the statute of limitations. Three weeks later on August 19, after Jones failed to respond to the motion to dismiss, the court issued an order directing him to show cause why his case should not be dismissed for lack of prosecution and for failure to state a claim. The order specifically stated that Jones' complaint would be dismissed with prejudice if he did not respond by September 2. Jones did not respond and the case was dismissed on September 13. Three days later Jones filed a notice of appeal.
 
 
 3
 We review the dismissal of an action for failure to prosecute under the abuse of discretion standard. Halas v. Consumer Services, Inc., 16 F.3d 161, 163 (7th Cir. 1994); Casteel v. Pieschek, 3 F.3d 1050, 1055 (7th Cir. 1993). The district court's findings of fact are reversed for clear error only. Halas, 16 F.3d at 164.
 
 
 4
 On appeal, Jones offers no excuse for his failure to respond to the motion to dismiss or the district court's Order to Show Cause, arguing merely that his due process rights were violated. However, the court complied with due process by expressly warning Jones that his suit would be dismissed if he did not submit a response to the defendants' pleading. Ball v. City of Chicago, 2 F.3d 752, 755-56 (7th Cir. 1993). The court also advised that the defendants' arguments in the motion to dismiss were not of a frivolous nature. See id at 759 ("it is entirely proper for the judge to consider the likely merits of the suit in deciding whether to dismiss it for failure to prosecute).
 
 
 5
 The district court was not required to impose a less severe sanction before ultimately dismissing the complaint for want of prosecution. Johnson v. Kamminga, 34 F.3d 466, 468 (7th Cir. 1994), cert. denied, 115 S. Ct. 1373 (1995). In fact, it adhered to Local Rule 2.9(B) for the United States District Courts of the Central District of Illinois which permits the presiding judge to presume that a motion is unopposed and to rule on that motion if a timely response is not filed. Given the district court's warning and Jones' unexplained refusal to comply with the Order to Show Cause, we conclude that the dismissal of the complaint with prejudice for failure to prosecute was not an abuse of discretion.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement was filed. Accordingly, the appeal is submitted on the briefs and the record