64 F.3d 665
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles BROWN, Plaintiff/Appellant,
v.
J. W. FAIRMAN and Michael Sheehan, Sheriff of Cook County,
Defendants/Appellees.
 No. 94-2076.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 10, 1995.*
Decided Aug. 14, 1995.
 
 Before Flaum, Ripple and Kanne, Circuit Judges.
 
 ORDER
 
 1
 Charles Brown appeals the district court's dismissal of his suit, brought pursuant to 42 U.S.C. Sec. 1983, for his failure to file an amended complaint. We affirm.
 
 
 2
 Brown, with fellow inmate William Isaac, filed a Sec. 1983 action against officials of the Cook County Department of Corrections (CCDOC), claiming a violation of their civil rights. The suit was dismissed because of deficiencies in the complaint. The district court later allowed the parties to file another action to correct the deficiencies. Brown filed a new complaint. The defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b) (6) for failure to state a claim upon which relief can be granted. The district court dismissed the case without prejudice, giving Brown 30 days to file an amended complaint. The court warned Brown that if he failed to do so, his suit would be dismissed with prejudice. Brown was reminded of the district court's position at a motion hearing prior to the 30-day deadline. We review the district court's dismissal for an abuse of discretion. See Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir. 1993); Halas v. Consumer Services, Inc., 16 F.3d 161, 163 (7th Cir. 1994).
 
 
 3
 We conclude that the district court did not abuse its discretion in dismissing Brown's suit with prejudice after his failure to file an amended complaint. The district court allowed Brown the opportunity to correct the errors in his original complaint by permitting him to amend it. That Brown did not do so can only be attributed to Brown, who offers no reason for this failure. The district court even warned Brown at a hearing of the impending deadline.
 
 
 4
 Brown suggests lesser measures that the district court could have imposed, such as issuing a rule to show cause or allowing an extension of time to file an amended complaint.[1] See In re Scheri, 51 F.3d 71 (7th Cir. 1995). The district court was not required to impose a less severe sanction before ultimately dismissing the complaint for want of prosecution. Johnson v. Kamminga, 34 F.3d 466, 468 (7th Cir. 1994), cert. denied, 115 S. Ct. 1373 (1995). We AFFIRM the district court's dismissal of Brown's suit with prejudice.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Brown requested an extension of time in a motion dated April 15, 1994, due to his inability to use the law library. The district court denied the motion April 22, 1994 and dismissed the suit the same day. We note that the district court, in its order dismissing Brown's original suit without prejudice, pointed out the deficiencies in the complaints, namely insufficient allegations to support Brown's various claims. At no point has Brown alleged anything to overcome deficiencies discussed by the district court