70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Warren ALLEN, Plaintiff-Appellant,
v.
STUART-IRONSIDES, INC., Defendant-Appellee.
 No. 94-3828.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1995.*
Decided Nov. 16, 1995.
 
 1
 Before BAUER, COFFEY and EASTERBROOK Circuit Judges.
 
 ORDER
 
 2
 Warren Allen appeals the dismissal of his race discrimination suit brought pursuant to 42 U.S.C. Sec. 1981 and the award to the defendant of over $900 in attorney's fees. The district court dismissed the case for want of prosecution based on Allen's failure to comply with discovery. We affirm.
 
 
 3
 Because of the protracted procedural history of this case, we first summarize the facts relevant to our decision. Allen worked as a temporary laboratory employee for Stuart-Ironsides, Inc. at its Chicago plant. When Stuart-Ironsides failed to hire Allen for a permanent position, Allen filed suit alleging race discrimination. Upon learning that Stuart-Ironsides hired an African-American man, the district court advised Allen, who is also African-American, that the continuation of this case exposed him to possible sanctions for pursuing a frivolous lawsuit and suggested he speak with an attorney. Allen chose to proceed pro se.
 
 
 4
 In August 1993, less than two hours prior to a scheduled deposition, Allen contacted Stuart-Ironsides' attorney to say that he would not attend because he objected to the deposition procedures. Immediately thereafter, Stuart-Ironsides filed a motion to dismiss, or in the alternative, to compel Allen's attendance and to award sanctions. Allen did not attend the hearing. Accordingly, the district court dismissed the case for want of prosecution and for Allen's failure to comply with discovery, but stated that it would entertain a motion to reconsider if Allen agreed to submit to a deposition. Also, Stuart-Ironsides was awarded attorney's fees in the amount of $687.50.
 
 
 5
 Allen filed a motion to rescind the dismissal which the court granted. The court also granted Stuart-Ironsides' motion to compel Allen's attendance at the deposition, overruling Allen's procedural objections and ordering him to appear alone or with an attorney of record, to cooperate with the deposition should it exceed five hours, and to arrive without electronic tape recording devices. Stuart-Ironsides was awarded $267.50 in attorney's fees related to the motion.
 
 
 6
 The evening before the rescheduled deposition, Allen visited a hospital emergency room. Diagnosed with acute bronchitis, the doctor prescribed an antibiotic, rest, and fluids. In the morning, Allen sent a message via courier to Stuart-Ironsides' attorney at approximately 7:30 a.m., informing counsel of his illness and his inability to attend the deposition. He did not attempt to reschedule the deposition.
 
 
 7
 Stuart-Ironsides filed a motion to dismiss based on Allen's failure to attend the deposition. The district court denied it, finding that there was "little evidence of willfulness, bad faith, or fault" given Allen's medical diagnosis. Although the district court found dismissal to be too harsh at this stage, it warned Allen "that future failures to comply with discovery will result in dismissal of his suit." When Allen failed to appear for a status hearing on December 21, 1993, the district court dismissed the case for want of prosecution pursuant to Local General Rule 21(B).
 
 
 8
 Allen then moved the district court judge to recuse himself because of his alleged bias against Allen. A magistrate judge considered the motion and denied it because it was untimely and because it was without merit. Allen's appeal of the magistrate judge's decision was dismissed by this court for lack of jurisdiction. Allen returned to the district court, asking it to enter a final judgment pursuant to Rule 58. The district court complied with his request, concluding that in "light of Allen's persistent efforts to obstruct the discovery process, his repeated failure to attend status hearings called on the case, and his recent correspondence essentially abandoning this action," dismissal was appropriate. The court incorporated the earlier awards of attorney's fees to defendant in its judgment.
 
 
 9
 We review a dismissal for want of prosecution under the abuse of discretion standard. Halas v. Consumer Services, Inc., 16 F.3d 161, 163 (7th Cir.1994). Noncompliance with court orders compelling discovery and failure to attend status hearings provide ample grounds for dismissal of a case. Fed.R.Civ.P. 37(b) and (d), 41(b); General Rule 21(b), United States District Court for the Northern District of Illinois. See also Johnson v. Kamminga, 34 F.3d 466, 469 (7th Cir.1994), cert. denied, 115 S.Ct. 1373 (1995) (failure to attend trial in addition to previous delays justified dismissal); Halas, 16 F.3d at 165 (failure to attend deposition warranted dismissal). A showing of willfulness, bad faith or fraud is not required. Halas, 16 F.3d at 164-65.
 
 
 10
 Here the district court provided Allen several opportunities to submit to a deposition. In August 1993, for example, the district court reconsidered its original dismissal and reinstated the case based on Allen's agreement to attend a rescheduled deposition. When Allen failed to keep this new appointment due to illness, the district court granted him the benefit of the doubt and denied Stuart-Ironsides' request to dismiss. And notwithstanding the court's dismissal of the case in December 1993, the district court did not enter a final judgment and considered Allen's motion to recuse. The district court provided Allen with ample opportunity to comply with discovery. Given Allen's continued reluctance to submit to a deposition in violation of the Federal Rules and the district court's orders, we find no abuse of discretion in the final dismissal of his case in October 1994. Likewise, the district court's award of attorney's fees incurred by Stuart-Ironsides in attending the August 1993 deposition and in compelling Allen to submit to a deposition is fully authorized under Federal Rules of Civil Procedure 37(a)(4)(A) and 37(d) and does not constitute an abuse of discretion. See also Stookey v. Teller Training Distributors, Inc., 9 F.3d 631, 637 (7th Cir.1993), cert. denied, 115 S.Ct. 122 (1994).
 
 
 11
 Next, Allen contests the district court's refusal to impose sanctions upon Stuart-Ironsides despite its allegedly dishonest representation of the facts in its motion to compel discovery. See Fed.R.Civ.P. 26(g). In his appellate brief, however, Allen fails to identify Stuart-Ironsides' "three lies" nor does he elaborate upon the "objective proof" supporting his claim. Instead, Allen merely directs us to his brief in the district court on this issue. Although we find Allen's argument section to be wholly inadequate, see Fed.R.App.P. 28(a)(6), our review of the district court record shows his claim to be without merit.
 
 
 12
 We review the refusal to impose sanctions under Rule 26(g) for an abuse of discretion. Cf. Land v. Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Health & Welfare Fund, 25 F.3d 509, 515 (7th Cir.1994) (denial of Rule 11 sanctions reviewed for abuse of discretion). In its motion to compel, Stuart-Ironsides referred to a specific conversation between its representative and Allen in which Allen stated he would not appear for the deposition unless he was permitted to bring an assistant and to record electronically the proceeding. Allen denies this conversation took place. He does not deny that he made these demands and indeed he submitted two letters to the district court addressed to Stuart-Ironsides in which Allen stated that he would not attend the deposition unless his demands were met. Whether the conversation referred to in Stuart-Ironsides motion occurred as it alleges is a credibility determination to be left to the district court's discretion. Because Allen does not deny that he communicated to Stuart-Ironsides his refusal to attend the deposition unless certain conditions were met, we find no abuse of discretion in the district court's refusal to impose sanctions.
 
 
 13
 We also find no error in the district court judge's refusal to recuse himself pursuant to 28 U.S.C. Sec. 144. Section 144 requires a judge to recuse himself "[w]henever a party ... makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." A magistrate judge determined that Allen's motion was untimely and without merit. We review that decision de novo. United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir.1993).
 
 
 14
 An affidavit is not timely unless filed as soon as the movant is aware of the facts establishing the basis for the judge's disqualification. Id. As the magistrate judge noted, although the alleged acts of bias occurred on June 18th and July 16th, 1993, Allen did not file his motion for recusal until January 25, 1994 after the district court had dismissed his case for want of prosecution. He did not provide an explanation for the delay. The motion is therefore untimely. Cf. Sykes, 7 F.3d at 1339 (motion filed two months after the incident upon which the allegations of bias were based was untimely); United States v. Barnes, 909 F.2d 1059, 1072 (7th Cir.1990) (waiting five months to allege bias fell far short of the statute's requirements).
 
 
 15
 Stuart-Ironsides now requests that additional sanctions be imposed upon Allen pursuant to Federal Rule of Appellate Procedure 38. It seeks attorney's fees in excess of $11,000 and an injunction prohibiting Allen from filing further frivolous litigation. When asked to impose sanctions under Rule 38 we must first decide whether the appeal is frivolous and then we must determine if sanctions are appropriate in the particular case. Lorentzen v. Anderson Pest Control, 64 F.3d 327, 331 (7th Cir.1995). In some instances we have also required some evidence of bad faith. Id.
 
 
 16
 Allen has twice been sanctioned for his refusal to cooperate with discovery requests and has failed to comply with a written order of the court. His appellate brief accuses the opposing party and the judge of dishonesty and bias, arguments which were dismissed by the district court and which are supported largely by conclusory allegations. Perry v. Pogemiller, 16 F.3d 138, 140 (7th Cir.1993) (Rule 38 sanctions appropriate if the appellant merely restates arguments properly rejected by the district court and does not offer a reasonable colorable argument to overturn the decision). In the face of overwhelming evidence to the contrary, he insists there was no proof of want of prosecution and that the "alleged" order to compel discovery did not exist. We find this appeal to be frivolous and sanctions to be appropriate. Accordingly, we impose $5,000 in sanctions in lieu of attorney's fees. See Perry, 16 F.3d at 140.
 
 
 17
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement was filed. Accordingly, the appeal is submitted on the briefs and the record