132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Scott A. HEIMERMANN, Plaintiff-Appellant, VS. v
GLOBAL SECURITIES TRUST CO., et al., Defendants-Appellees.
 No. 96-2963.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 25, 1997*
Decided Dec. 4, 1997.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, 93 C 650, J.P. Stadtmueller, Chief Judge.
 
 
 1
 Before Hon. THOMAS E. FAIRCHILD, Circuit Judge Hon. WALTER J. CUMMINGS, Circuit Judge Hon. DANIEL A. MANION, Circuit Judge
 
 ORDER
 
 2
 Scott Heimermann, a prisoner serving a sentence for a double murder, filed this pro se diversity action against three defendants, which arose out of a failed Treasury bond transaction. Heimermann's suit alleged a breach of contract to purchase the bonds, as well as a host of torts arising out of the transaction. In a series of orders, the district court dismissed all claims against Eben W. Carpenter, a principal at Global Securities Trust Company (Global Securities) for lack of personal jurisdiction and all claims against William E. Fenger, an attorney, for failure to state a claim. Global Securities never filed an appearance in this matter, despite being served, and was found in default. During discovery of evidence for damages against Global Securities, the district judge "had growing concerns" about the frivolousness of the complaint, and reevaluated the sufficiency of the complaint under 28 U.S.C. § 1915(d). After giving Heimermann an opportunity to state the factual basis of his claim, the judge dismissed his complaint as frivolous under § 1915(d). We affirm.
 
 
 3
 According to Heimermann's account of the transaction, Heimermann hired Fenger to finance a T-bond transaction. Fenger contacted Global Securities, who contracted to buy $35,000,000 in T-bonds from Heimermann. However, Heimermann did not actually own the bonds. Rather, Heimermann was going to purchase the bonds from Paine-Webber "at a reduced price" using money put up by Global Securities. On April 16, 1993, Global Securities was to deposit $3.5 million in an account in Heimermann's name, to give to Paine Webber for a junior lien on the bonds. Paine Webber was to have a senior lien on the remaining 90% of the value of the bonds. The T-bonds would then be sold on the open market, and Global Securities and Heimermann would split the profits. On April 8, Global Securities solicited an additional $50,000,000 worth of bonds from Heimermann. Global agreed at this point to finance the entire $87,000,000 for the bonds, and Heimermann would receive 1/3 of the profits after the bonds were sold. Global also agreed to increase the amount it would put up on April 16 to $8.7 million, with the remainder to be tendered on delivery of the bonds. However, the defendants did not have the money in the account on April 16, and instead demanded that the bonds be put into escrow prior to any transfer of funds. The deal fell through, and Heimermann's suit followed. Heimermann alleged a breach of contract for failure to perform on the contract to purchase the bonds, intentional and negligent infliction of emotional distress (because the defendants knew or should have known that their breach would cause extreme emotional distress, because Heimermann was going to use the profits to hire a "high caliber law firm" for his direct appeal in his criminal case), misrepresentation (the defendants lied to Heimermann about their intent to consummate the transaction), and legal malpractice (Fenger allegedly agreed to represent Heimermann in his direct criminal appeal).
 
 
 4
 We review a determination of frivolity under § 1915(d) for abuse of discretion.[1] A claim is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). While the district judge stated that he was dismissing the claim because it was "legally frivolous," the reasoning of the order makes clear that the judge dismissed the case because it was factually frivolous--that is, the factual basis for the claim was "wholly incredible." Heimermann v. Global Securities Trust Co., No. 93 C 650, at 4 (ED. Wis. Jul. 11, 1996) (unpublished order). A claim is factually frivolous when it is "clearly baseless." Neitzke, 490 U.S. at 327. "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). When evaluating a claim for frivolousness under § 1915(d), a court need not accept all of a plaintiff's claims as true, because the court has "the unusual power to pierce the veil of the complaint's factual allegations." Neitzke, 490 U.S. at 327. While the best time to dismiss a frivolous claim is prior to the issuance of a summons, an in forma pauperis complaint may be dismissed for frivolity under § 1915(d) at any time, even when an initial examination did not disclose the frivolousness of the complaint. See Wartman v. Branch 7, Civil Division, County Court, Milwaukee County, State!of Wisconsin, 510 F.2d 130, 132 (7th Cir.1975).
 
 
 5
 In this case, the district judge initially let Heimermann proceed with his complaint, and two of the three original defendants made appearances. Three years later, when Judge Stadtmueller dismissed the action pursuant to § 1915(d), all claims against the two defendants who had made appearances in court had been dismissed. The third defendant, Global Securities, was it default. Before ruling on any of Heimermann's motions for discovery on the issue of damages, however, Judge Stadtmueller sua sponte ordered Heimermann to present the factual basis of his complaint. Dissatisfied with Heimermann's response, Judge Stadtmueller dismissed Heimermann's claim with prejudice. See 28 U.S.C. § 1915(d).
 
 
 6
 In short, Heimermann claimed in his response to the district judge's order that he was going to obtain U.S. T-Bonds from Paine-Webber "at a reduced price" for Global Securities to purchase. The money for purchasing the bonds from Paine-Webber would come wholly from Global Securities. Heimermann alleges that Global Securities agreed to place, prior to delivery of the bonds, $3.5 million in a bank account in Heimermann's name without any security for the money. The district court found these and other aspects of the alleged deal "wholly incredible," "fanciful," and "wholly unbelievable." To say the least, an allegation that anyone would use an incarcerated double murderer to broker a T-Bond transaction is puzzling at best. We cannot say that Judge Stadtmueller abused his discretion by determining that Heimermann's complaint was frivolous.
 
 
 7
 In the context of this case, dismissal with prejudice pursuant to § 1915(d) was not an abuse of discretion. Denton states that dismissals with prejudice should not be entered when dismissing a complaint pursuant to § 1915(d) "if it appears that frivolous factual allegations could be remedied through more specific pleading." 504 U.S. at 34. While dismissal with prejudice is a harsh, disfavored remedy, see Halas v. Consumer Services, Inc., 16 F.3d 161, 164 (7th Cir.1994), under the circumstances in this case, it was the appropriate remedy. When Judge Stadtmueller made the decision to dismiss, he did not have a bare record to rule on. Two defendants had responded to Heimermann's complaint, and Heimermann had provided the judge with a detailed description of the factual basis of his complaint. The record as developed over the three years since the initial filing of the complaint makes clear that there will not be any way that Heimermann can develop facts that will turn his improbable, uncompleted transaction into an actionable claim. We note that the only reason why the claims against Global Securities remain is because Global has not filed an appearance in this action.
 
 
 8
 Because we find the allegations in the complaint frivolous, we need not consider Heimermann's challenges to the dismissal of his claims against Fenger and Carpenter.
 
 AFFIRMED[2]
 
 
 *
 On August 9, 1996, this court issued a notice that there were no appellees or attorneys to be served in this case. No appellee's brief was filed in this case. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the appellant's brief and record. See Fed. R.App. P.34(a); Cir.R. 34(f)
 
 
 [1]
 Because Heimermann filed his petition prior to April 26, 1996, the effective date of the amendments to § 1915(d) contained in the Prison Litigation Reform Act, Pub.L. 104-134, § 804, 110 Stat. 1321, 1321-73 (1996), we apply pre-PLRA law. See Hutchinson v. Spink, No. 96-1842, slip op. at 7 (7th Cir. September 23, 1997)
 
 
 [2]
 On August 8, 1997, this court entered an order pursuant to Support Systems lnt'l, Inc. v. Mack, 45 F.3d 185 (7th Cir.1995), against Heimermann, restricting him from making any civil filings until he pays fines this court and other federal courts have levied against him for his violations of court rules. We emphasize that the Mack order remains in force, and we consider Heimermann's appeal in this case only because all necessary filings were made prior to the effective date of the Mack order