Anthony JOHNSON, Plaintiff–Appellant,

v.

Richard KAMMINGA, G. Brown, Lieutenant Dave Conover, et al., Defendants–Appellees.

No. 93–1869.

United States Court of Appeals, Seventh Circuit.

Argued May 17, 1994.

Decided Sept. 1, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Sept. 30, 1994.

Jerold S. Solovy, Barry Sullivan, Kenneth A. Wittenberg (argued), Jenner & Block, Chicago, IL, for plaintiff-appellant.

Jan E. Hughes, Asst. Atty. Gen. (argued), Civil Appeals Div., Chicago, IL, for Richard Kamminga, G.E. Brown, Dave Conover.

Terrence T. Rock, Asst. Atty. Gen., Springfield, IL, for Lieutenant Knop, M.J. Ellis, L.L. Grace, Sergeant Michael P. Lane, James H. Thieret.

Before BAUER, WOOD, Jr., and EASTERBROOK, Circuit Judges.

BAUER, Circuit Judge.

This case stems from a civil rights complaint which had languished in the district court for over seven years due, for the most part to the pretrial delays of the plaintiff, Anthony Johnson. After Johnson failed to appear in court on the first day of trial, the district court finally put an end to the delay, dismissing the case with prejudice for failure to prosecute. Fed.R.Civ.P. 41(b). Johnson appeals the decision to dismiss. We affirm.

On June 2, 1986, Johnson, then a prisoner at the Menard Correctional Center, filed a civil rights lawsuit against various officials of the Illinois Department of Corrections alleging that the defendants had physically assaulted him. Nearly one year later, on May 29, 1987, the defendants moved for summary judgment. When Johnson failed to reply by October, the district court ordered that Johnson show cause why the motion should not be granted. On November 2, 1987, in response to the order, Johnson's appointed counsel, Richard Erdmann, informed the court of his intent to file an amended complaint within twenty-one days.

When, by September of 1988, Erdmann had yet to file the amended complaint, the magistrate judge overseeing the proceedings recommended that the case be dismissed for failure to prosecute. The district court admonished Johnson and Erdmann for the delay, but finding no prejudice to the defendants, allowed the case to proceed. Based on the amended complaint finally filed in October of 1988, the defendants filed another motion for summary judgment on January 17, 1991. Again, Johnson failed to file a responsive pleading, and on March 6, 1992, the magistrate recommended that the case proceed against four of the eight defendants on two of the six counts. With respect to the other defendants and counts, the magistrate recommended that the motion for summary judgment be granted. Johnson objected to the recommendations because he had not responded to the motion. Observing that the delay was Johnson's own fault, the district court adopted the magistrate's recommendations and scheduled the trial to commence on Monday, March 8, 1993.

Although released from prison, Johnson was, nevertheless, absent on the first day of trial, causing Erdmann to request a continuance. According to Erdmann, Johnson had failed to show up for a meeting with Erdmann on the previous day, Sunday, March 7. Erdmann's efforts to contact him were futile until Sunday afternoon, when Johnson called to tell Erdmann that he had injured his knee and had spent the day in the hospital. Johnson claimed that the injury prevented him from driving from Chicago to East St. Louis for the trial. To confirm the story, Erdmann contacted the hospital and discovered that Johnson had come to the hospital for treatment on Saturday and had been released the

same day. Erdmann's subsequent attempts to reach Johnson and to discover the identity of Johnson's physician were also in vain. Finding Johnson's story to be of little credibility and given the significant delay already incurred, the court denied the motion for a continuance and dismissed the case with prejudice.

■ We review the dismissal of an action for failure to prosecute under an abuse of discretion standard. *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 163 (7th Cir.1994). The district court's findings of fact are reversible only if clearly erroneous. *Id.* at 164. Because district judges have a better understanding of their litigants and their docket, review of managerial decisions such as this one are appropriately deferential. We presume, therefore, that the district judge acted reasonably and will reverse "only if it is plain either that the dismissal was a mistake or that the judge did not consider factors essential to the exercise of a sound discretion." *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir.1993). Johnson argues that the district court's decision constitutes reversible error because there was no evidence of any egregious or contumacious conduct by Johnson and that the court failed to warn Johnson before making such a drastic decision. Johnson adds that the district court should have considered lesser sanctions before imposing one so prejudicial to Johnson.

Our review of the record does not reveal any reason to disturb the district court's decision. Johnson's own attorney discovered that Johnson had been less than forthright in explaining his inability to attend. Although Johnson alleged that he spent six hours in a Chicago hospital awaiting treatment for his injury on the Sunday before trial, a hospital employee told Erdmann that Johnson had been treated and released on Saturday. According to Erdmann, Johnson never returned any of Erdmann's several messages over that weekend. Given the inconsistencies between Johnson's story and what Erdmann discovered, it was not clearly erroneous for the district court to conclude that Johnson, now released from prison, was not sufficiently interested in pursuing his case. The history of delay in this case further reinforces the district court's conclusion. A large portion of this delay was occasioned by Johnson's dilatory conduct, and based on this conduct, the magistrate recommended as early as 1988 that the district court dismiss the case for failure to prosecute. Only a generous reprieve by the district court saved the case on that occasion. By failing to attend his own trial and providing a shoddy excuse for his absence, Johnson tested the patience of the district court one too many times.

Worth noting is that despite his contention that he had a legitimate medical excuse, Johnson did not move to alter the judgment entered against him, as was his right under Rule 59 of the Federal Rules of Civil Procedure. Had his absence been justifiable, a Rule 59 motion supplemented with appropriate medical documentation would have been a prudent course of action. The absence of any such documentation from the record suggests that the district court wisely exercised its discretion.

■ Johnson's claim that the district court should have either imposed lesser sanctions before dismissing the case or given him a warning before the case was dismissed overstates the requirements of the law. Despite the severity of a dismissal with prejudice, we have consistently held that a judge is not required to employ "progressive discipline" before ultimately dismissing a case for want of prosecution. *Ball*, 2 F.3d at 756; *Halas*, 16 F.3d at 165. And although district courts are encouraged to warn litigants before dismissing a case for failure to prosecute, whether they in fact do so is clearly within their discretion. *Lockhart v. Sullivan*, 925 F.2d 214, 219 (7th Cir.1991). Leaving the decision to the district courts ensures that dilatory tactics are sanctioned appropriately. The prejudice incurred by a delay in one case may far outweigh that caused in another. Were district courts required to warn litigants before dismissing a case, we would in effect be granting each litigant one opportunity to disregard the court's schedule without fear of penalty regardless of the harm done to other litigants. Such a rule would impermissibly burden the district courts in their efforts to manage their dockets.

Using this standard, we held in *Lockhart* that inconsistencies in the plaintiff's excuse

for not attending a discovery-related status hearing combined with the plaintiff's record of dilatory conduct supported the trial judge's decision to dismiss the case with prejudice even though he did not provide a warning beforehand. Similar reasoning applies here. In fact, the costs associated with a delay in proceeding with a trial are likely to be more burdensome than those occasioned by delays in discovery. And at this late stage, those costs fall increasingly on the public rather than the litigants. For instance in this case, the defense had already arranged for the temporary release from prison and transport of three inmates who were going to testify against Johnson. The security risks involved with such a procedure make this a costly arrangement, and with any delay, the cost multiplies. Consequently, it is not unreasonable to treat a failure to attend trial more severely than a failure to comply with discovery orders in a timely fashion.

We conclude, therefore, that the district court's finding that Johnson's failure to attend trial was not excusable was not clearly erroneous and in light of prior delays attributable to Johnson, its decision to dismiss Johnson's complaint with prejudice for failure to prosecute was not an abuse of discretion. The trial court's decision is in all respects

AFFIRMED.