**In the Matter of BLUESTEIN & COMPANY, d/b/a Zemel's Terralyn Farms, Debtor–Appellee.**

**Appeal of Alan E. HOFFMAN, individually and as a shareholder of Bluestein & Company.**

No. 92–4100.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 26, 1994.*

Decided Oct. 26, 1995.

---

* After a preliminary examination of the briefs, the court notified the parties of its tentative conclu-

sion that oral argument was unnecessary in this case. The notice also offered the parties an opportunity to request oral argument by filing a "Statement as to Need of Oral Argument." *See* Fed.R.App P. 34(a); 7th Cir.R. 34(f). Neither par-

ty has made such a request. In fact, the debtor has declined even to contest this appeal by filing an Appellee's Brief. Thus, this appeal is submitted on only Appellant's Brief and the record.

1024

Gerald A. Goldman, Chicago, IL, Robert L. Caplan, Clarendon Hills, IL, for Appellant.

Paul Bluestein, Steger, IL, for Appellee.

Before FAIRCHILD, FLAUM, and KANNE, Circuit Judges.

PER CURIAM.

Alan Hoffman appealed two bankruptcy court decisions to district court. Five months later, due to Hoffman's lengthy delay in filing his Appellant's Brief, the district court dismissed his appeal for want of prosecution. Hoffman appeals to this court, arguing that the district court abused its discretion by dismissing the appeal without having warned his attorney in advance.

## I. HISTORY

On May 5, 1992, Alan Hoffman filed notice of his appeal of two bankruptcy court decisions to the United States District Court for the Northern District of Illinois. The district court directed that he was to file an Appellant's Brief on or before June 24. By October, Hoffman had neither filed his brief nor requested additional time in which to do so. Desiring an explanation for the delay, the district court placed the matter on status call, and a status hearing was set for October 30, 1992. At the hearing, Hoffman's attorney—apparently accustomed to a more permissive atmosphere—requested an additional twenty-one days in which to file his brief. Understandably displeased with the delay and additional request for time, the district court dismissed the case *sua sponte* for want of prosecution and rebuked Hoffman's attorney:

> ... I didn't get [a brief] in June, I didn't get one in July, I didn't get one in August, I didn't get one in September. And, in fact, I'm not going to get one in October, because you're coming in here after I had to go to the effort of having my minute clerk issue a minute order calling you in here, and you then come in and say, "Oh, I need 21 days."

> Well, you had your time. This appeal is dismissed for want of prosecution. There is no good basis, and you articulated no good basis for your failure to comply with the orders or to move for an extension of time....

The appeal is dismissed.

On November 9, 1992, Hoffman filed a motion to vacate the dismissal order. The motion represented that the delays were not caused by Hoffman; that the delays were caused by the inability of Hoffman's attorney, a sole practitioner, to bear his workload; that the attorney was willing to accept reasonable sanctions for his delays; and that the Appellant's Brief had been completed and was ready to be filed. The district court denied the motion, and Hoffman appeals the dismissal.

## II. ANALYSIS

■ District courts possess the inherent authority to dismiss a case *sua sponte* for want of prosecution as part of the "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). In exercising this authority, the district courts must "perpetually balance the competing interests of keeping a manageable docket against deciding cases on their merits." *GCIU Employer Retirement Fund v. Chicago Tribune,* 8 F.3d 1195, 1199 (7th Cir.1993) (citing *Webber v. Eye Corp.,* 721 F.2d 1067, 1071 (7th Cir.1983)). Dismissal for want of prosecution is an undeniably harsh sanction, having the procedural effect of an adjudication on the merits against the plaintiff. *See* FED.R.CIV.P. 41(b). This severity requires that district courts resort to dismissal "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *GCIU,* 8 F.3d at 1199 (quoting *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.,* 869 F.2d 1058, 1061 (7th Cir.1989)) (emphasis omitted).

■ In light of the district courts' need to maintain effective control over their dockets, their exercise of this inherent authority demands our deference. As a result, we review a district court's dismissal for want of prosecution only for an abuse of discretion. *Johnson v. Kamminga,* 34 F.3d 466, 468 (7th

Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1373, 131 L.Ed.2d 228 (1995); *Halas v. Consumer Services, Inc.,* 16 F.3d 161, 163 (7th Cir.1994); *GCIU,* 8 F.3d at 1199. Applying this standard, reversal is warranted only if the district court's decision "strike[s] us as fundamentally wrong," *Anderson v. United Parcel Service,* 915 F.2d 313, 315 (7th Cir.1990), or if "it is clear that no reasonable person could concur in the trial court's assessment of the issue under consideration," *Daniels v. Brennan,* 887 F.2d 783, 785 (7th Cir.1989) (citing *3 Penny Theater Corp. v. Plitt Theatres, Inc.,* 812 F.2d 337, 339 (7th Cir.1987)).

■ Hoffman argues that the district court abused its discretion by, among other things, failing to warn his attorney prior to dismissing the appeal. In *Link v. Wabash R.R. Co.,* the Supreme Court held that the absence of express notice prior to a dismissal for want of prosecution does not automatically violate a plaintiff's right to due process. 370 U.S. at 632–33, 82 S.Ct. at 1389–90. Rather, the decision whether to give advanced warning of dismissal is entrusted to the sound discretion of the district court. *Id.; Johnson,* 34 F.3d at 468; *Lockhart v. Sullivan,* 925 F.2d 214, 219 (7th Cir.1991).

■ The *Link* Court went on, however, to explain that the appropriateness of notice "turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." 370 U.S. at 632, 82 S.Ct. at 1389–90. In other words, the necessity of advanced warning varies inversely with the plaintiff's or his attorney's cognizance and appreciation of the threat of dismissal. Thus, where a plaintiff brings an action *pro se,* and so is particularly in need of the court's patience and instruction, this court has consistently held that a district court *must* give explicit warning prior to dismissing the case for want of prosecution. *See, e.g., Penny v. Shansky,* 884 F.2d 329, 330 (7th Cir.1989); *Palmer v. City of Decatur,* 814 F.2d 426, 428 (7th Cir.1987); *Schilling v. Walworth County Park & Planning Comm'n,* 805 F.2d 272, 277 (7th Cir.1986).[1]

1. Note that *Lockhart v. Sullivan* is not to the

contrary. In that case, the *pro se* plaintiff was

On the other hand, we have indicated that reversal for failure to give prior warning is not warranted in those extreme cases where "it is plain that the plaintiff's lawyer knew that he faced dismissal of his case." *Ball v. City of Chicago*, 2 F.3d 752, 756 (7th Cir. 1993). To require a perfunctory warning in every case, without consideration of an attorney's awareness of the likelihood of dismissal, "would in effect be granting each litigant one opportunity to disregard the court's schedule without fear of penalty regardless of the harm to other litigants." *Johnson*, 34 F.3d at 468.

■ But extreme cases are few and far between.[2] Not only must plaintiff's attorney have knowledge of the *fact* that dilatory conduct may result in dismissal of the action, but the attorney must appreciate the *imminent threat* that dismissal is likely. As a result, we have held that in all but the most egregious of circumstances, the proper exercise of district court discretion is to dismiss an action for want of prosecution only after giving "due warning" to plaintiff's counsel. *Ball*, 2 F.3d at 755. The *Link* Court made clear that a plaintiff is deemed to be culpable for the actions of, and to have notice of all facts charged to, a freely selected agent. 370 U.S. at 633–34, 82 S.Ct. at 1390. Accordingly, the due warning need only be directed to the plaintiff's attorney, and not to the plaintiff directly. *Ball*, 2 F.3d at 756. *See also Otis v. City of Chicago*, 29 F.3d 1159, 1168 (7th Cir.1994); *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 306 (7th Cir.1994) (Wood, J., dissenting).

■ This court has explained that due warning "need not be repeated warnings and need not be formalized in a rule to show cause." *Ball*, 2 F.3d at 755. Similarly, the district court's responsibility to warn does not require the firing of a "warning shot,"

i.e., levying less severe sanctions prior to resorting to dismissal for want of prosecution. *Johnson*, 34 F.3d at 468; *Halas*, 16 F.3d at 165; *Profile Gear Corp. v. Foundry Allied Indus.*, 937 F.2d 351, 354 (7th Cir. 1991) (quoting *Hal Commodity Cycles Management Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir.1987)). However, a district court's standing order that failure to abide by the court's schedule may result in dismissal is insufficient to apprise plaintiff's counsel of any imminent threat—due warning must be direct and explicit. *See Ball*, 2 F.3d at 755–56.

■ In this case, the district court was justifiably aggravated with the lack of concern for timely action displayed by Hoffman's attorney. Counsel was concededly accustomed to the more relaxed and less demanding environment in state court. With the brief over four months past due, Hoffman's attorney failed to take the hint provided by the status call notice. Instead of coming to the status hearing with brief in hand (or, for that matter, filing it earlier), counsel appeared in court only to ask for an additional twenty-one days in which to file. The district court's reaction to this conduct was understandable.

However, as we have explained above, dismissals without warning are appropriate in only the most extreme cases, where it is clear that counsel must have *expected* his actions (or inaction) to be answered with dismissal. In this case, there is no record of repeated dilatory conduct on the part of Hoffman or his attorney. Failure to file the Appellant's Brief was the first and only (albeit significant) instance of delay. On no prior occasion had Hoffman or his attorney been reprimanded or assessed sanctions for their indolence. Nor did the inconvenience to the district court from not receiving the initial ap-

herself an attorney and therefore unentitled to the special assistance generally afforded parties appearing on their own behalf. 925 F.2d at 216.

2. For example, in *Johnson v. Kamminga*, the procedural history indicates several occasions where the plaintiff had failed to file responsive pleadings when they were due. 34 F.3d at 467. The court had admonished plaintiff and his attorney for their delays, had entertained but declined to act on the idea of dismissal for want of prose-

cution, and had imposed less severe sanctions. *Id.* When plaintiff missed the first day of his trial without explanation, the court dismissed the case for want of prosecution. *Id.* Although plaintiff's attorney was not explicitly warned of the threat of dismissal, the circumstances of *Johnson* were sufficiently extreme that the plaintiff and his attorney must have been acutely aware of its probability.

pellate brief in a timely fashion compare with, for example, problems engendered by a plaintiff's failure to appear for the first day of trial. *See, e.g., Johnson,* 34 F.3d at 467. Also, Hoffman's attorney explained that he, rather than Hoffman, had been the cause of the delay and that he stood willing to accept reasonable sanctions personally for his conduct.

■ Practitioners in federal court should, of course, be aware that filing deadlines are not to be taken lightly and that missing them may result in severe sanctions. Nevertheless, we find that the deficient conduct of Hoffman's attorney was not so egregious as to alert him that the threat of dismissal was imminent. Where an order of dismissal for lack of prosecution would reasonably come as a surprise to counsel, due warning should precede its entry *sua sponte.* While we would not have found dismissal here to be inappropriate if the status call notice had provided an explicit warning of the consequences for failure to file the brief by the hearing date, the absence of such warning compels us to reinstate the appeal.

The dismissal entered by the district court is VACATED, and this case is REMANDED for further proceedings.