89 F.3d 838
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Stephanie A. PATTERSON, Plaintiff-Appellant,
v.
Robert RUBIN,[1] Lawrence B. Gibbs, Thomas J.
Yates, Gerald W. Wendel, Peggy R. Crook, John Marvel, James
W. Phend, Stan Collins, Debra Green, Joanne M. Katchur,
James E. Rogers, Jr., and Delores L. Rozzi, Defendants-Appellees.
 No. 92-3460.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 25, 1996.*
Decided April 30, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Stephanie Patterson, a former employee of the Internal Revenue Service, filed suit against the Secretary of the Treasury and individual defendants for employment discrimination and other statutory violations. The district court dismissed the suit for failure to prosecute, Fed.R.Civ.P. 41(b), and Patterson appeals. We affirm.
 
 
 2
 Rule 41(b) states, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action...." We review a district court's dismissal under Rule 41(b) for abuse of discretion. Johnson v. Kamminga, 34 F.3d 466, 468 (7th Cir.1994), cert. denied, 115 S.Ct. 1373 (1995). We will reverse "only if it is plain either that the dismissal was a mistake or that the judge did not consider factors essential to the exercise of a sound discretion." Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir.1993). "Because district judges have a better understanding of their litigants and their docket, review of managerial decisions such as this one are appropriately deferential," Johnson, 34 F.3d at 468, but the "drastic nature of a dismissal with prejudice requires the action to be used 'only in extreme situations, when there is a clear record of delay or contumacious conduct....' " GCIU Employer Retirement Fund v. Chicago Tribune, 8 F.3d 1195, 1199 (7th Cir.1993) (quoting Pyramid Energy, Ltd. v. Heyl & Patterson, Inc., 869 F.2d 1058, 1061 (7th Cir.1989) (original emphasis)); see also In re Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir.1995) (per curiam).
 
 
 3
 Because this appeal involves lack of prosecution, we review the course of the litigation. Halas v. Consumer Services, Inc., 16 F.3d 161, 162 (7th Cir.1994); GCIU, 8 F.3d at 1199. Patterson filed her complaint in November, 1988 and the litigation proceeded, although Patterson had difficulty with court-appointed counsel and made numerous pro se filings during periods in which she was represented by counsel.[2] After the district court granted her third court-appointed counsel's petition to withdraw in June, 1991, Patterson proceeded pro se. She failed to appear for her deposition on September 12, 1991, never offering the district court an explanation for the delinquency. She also failed to appear at the scheduled final pre-trial conference on October 24, 1991, but she had submitted a "Notice of Nonappearance" on the previous afternoon.[3] Subsequently, on October 30 defendants filed their first motion to dismiss for failure to prosecute, citing Patterson's failure to attend the pre-trial conference, her failure to obey the court's orders regarding discovery, and her failure to attend her deposition.[4] The motion was denied, but the court specifically warned Patterson that her action could be subject to dismissal if she did not attend her rescheduled deposition.
 
 
 4
 At the rescheduled final pre-trial conference on January 6, 1992, Patterson departed early without permission of the court and failed to heed the court's request that she return. The conference was adjourned because the court was unable to proceed in the plaintiff's absence. A three-hour pre-trial conference was held February 7, but Patterson subsequently refused to sign the pre-trial entry the court requested defendants to prepare. Consequently, the court was unable to file an approved pre-trial order. See Local Rule 16.1. According to defendants, she also failed to attend scheduled document production and failed to make alternate arrangements to review the materials she had requested.
 
 
 5
 On April 16, Patterson obeyed the court's September 16 order to answer defendants' interrogatories, but she refused to answer at least one question and submitted it "to Chief Judge Gene E. Brooks for review and advisement." Later that month, Patterson attended her deposition on April 29, but, contrary to the court's instructions, left before the beginning of the deposition to speak to the district judge about the magistrate judge's resolution of a dispute about oath-taking procedures.[5] The magistrate judge recommended that the defendants move for dismissal for failure to comply with discovery,[6] but defendants declined to do so because Patterson returned later that day and gave her deposition.
 
 
 6
 At the final pre-trial conference on June 25, Patterson "initiated a protracted discussion of and objection to the actions of opposing counsel at the deposition." As counsel began to answer her accusations, Patterson stated that she had to go home and take her medication or she might faint, and that she did not know when or if she might return. The magistrate judge concluded, "The course of the plaintiff's participation at this Magistrate's conferences has been to participate only to the extent ordered to do so and to terminate the conferences as it suited her own whim. Under the circumstances, the Magistrate concludes that plaintiff declines to participate in this Court's pre-trial process and chooses to follow this Court's Rules and Orders as she sees fit." The magistrate judge recommended that the district court dismiss the action pursuant to Federal Rule of Civil Procedure 41(b). Although Patterson filed an "exception" to the magistrate judge's report, she did not directly address the magistrate judge's conclusion. Instead, she attacked the district court's management of her case and delineated the problems she had to face to "maintain the integrity of her case."
 
 
 7
 After defendants filed a second motion to dismiss for failure to prosecute and failure to comply with discovery procedures on June 29, Patterson filed several pleadings. Although she filed these pleadings with the court on July 6 and certified that she had served defendants, she did not serve defendants until July 22. Further, she did not serve as certified: the envelope was not properly addressed, lacking the name of the Assistant United States Attorney assigned to the case and the ZIP code for the Office of the United States Attorney in Indianapolis. In light of Patterson's history of failing to serve defendants, the district court found that this action was deliberate rather than inadvertent. On August 27, the district court granted defendants' motion and dismissed Patterson's action for failure to prosecute.
 
 
 8
 On appeal, Patterson disputes the district court's discovery rulings and denial of her motions to amend her complaint to add additional claims as well as its decision to dismiss her case. She contends that as a result of the district court's rulings, "the pre-trial discovery process was reduced to an exercise in futility which plaintiff-appellant was forced to undergo for no apparent legal purpose or reason other than punishment." Opening Brief at 44. She also asserts that the district court abused its discretion because its order selectively represented the facts and ignored the existence of exculpatory information, and that a hearing would have established a proper evidentiary record upon which the district court would have reached a different conclusion and allowed the case to proceed.
 
 
 9
 We cannot conclude that the district court abused its discretion in dismissing Patterson's action. Patterson fails to show how the "exculpatory information" she identifies excuses the actions documented in the record. For example, she states that the certification of service was "merely duplicated by transfer," but addressing the envelope "required new input," but this contention does not support an inference that she should not be responsible for her false certifications. She argues that the district judge, in ascribing contumacious intent to her, failed to account for the conversation he had with her after she left her deposition (in which he stated that he understood her concerns), but she does not recognize that her behavior during that proceeding (and other occasions) violated court procedures. She claims that the incident was misrepresented, but the transcript clearly reflects that she disobeyed the magistrate's instructions. Regarding her refusal to sign the February 7 pre-trial order, she states that the order contained misrepresentations. There is no indication, however, that she called this disagreement to the attention of the court. Moreover, later she attempted to rely upon that order, petitioning the district court to enforce some of its provisions. Regarding the June 25 conference, she alleges that the district court knew of her medical condition but does not attempt to explain that condition or why it necessitated her actions on that date. Finally, in her appellate brief she does not mention, much less explain, her failure to appear at her first deposition, the circumstances surrounding her departure from the January 6 conference, or her continued refusal to answer interrogatory questions. "[B]eing a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders. It does not give the pro se litigant the discretion to choose which of the court's rules and orders it will follow, and which it will wilfully disregard." Downs v. Westphal, Nos. 95-2289 & 95-2547, slip op. at 9 (7th Cir. Mar. 25, 1996); cf. McNeil v. United States, 113 S.Ct. 1980, 1984 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")
 
 
 10
 Patterson also asserts that the district court's rulings denied her due process and left her unable to prosecute her case. On the contrary, we believe that the district court fulfilled any obligation to assist this pro se plaintiff in presenting her case. Although plaintiffs in civil cases have no constitutional or statutory right to counsel, the district court requested three attorneys to represent Patterson; after the withdrawal of the third attorney the court offered to request additional counsel to represent her if she would submit the names of attorneys who would agree to the representation. The court's orders made allowance for Patterson's pro se status, with the court instructing Patterson in both law and procedure,[7] and it laudably exhibited patience in denying defendants' first motion to dismiss for failure to prosecute and in granting numerous warnings and extensions to Patterson.
 
 
 11
 Patterson argues that the district court's "ascriptions of contumacious intent" to plaintiff are unsupported in fact. The district court merely concluded, however, that "[t]he record makes clear that the plaintiff received prior warnings, failed to adhere to the orders of the Court, and has indicated either the inability or the lack of a desire to reach the merits of this action." Given the record in this case, that conclusion is not an abuse of discretion. Cf. Halas, 16 F.3d at 162-66. The district court was not required to hold an evidentiary hearing, Link v. Wabash R.R. Co., 370 U.S. 626, 632 (1962), or to first impose a lesser sanction than dismissal, Johnson, 34 F.3d at 468. See Bluestein, 68 F.3d at 1026.
 
 
 12
 In light of this order, defendants' motion to strike exhibits and related arguments is denied as moot.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Secretary of the Treasury Robert Rubin has been substituted for Nicholas Brady pursuant to Federal Rule of Appellate Procedure 43(c)
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 The first attorney appointed by the court never accepted the appointment or made an appearance on behalf of Patterson. The second court-appointed counsel moved to withdraw because Patterson had new counsel (an statement which Patterson asserts was untrue). The third court-appointed counsel moved to withdraw because of a "breakdown in communications" and "irreconcilable and material disagreements" about the suit. The court explicitly warned Patterson that she could not file pro se materials while represented by counsel and had such filings stricken from the record
 
 
 [3]
 Earlier in the week this pre-trial conference had been rescheduled from 9:00 a.m. to 11:30 a.m. Besides informing the court that she had a previously scheduled medical appointment for 12:30, however, the notice stated, "plaintiff believes that the ostensible attempt at impartiality by Judge McKinney in the vacation and rescheduling of the pre-trial conference will neither serve to legitimize nor safeguard the procedural and substantive integrity of the process. To paraphrase Supreme Court Justice Clarence Thomas, plaintiff will not provide the rope for her own lynching."
 
 
 [4]
 We note that Patterson requested numerous extensions to reply to defendants' motion, finally filing a response on January 17, 1992
 
 
 [5]
 Patterson was concerned about the swearing process at her deposition and asked for a conference with the magistrate judge. Defendants objected when the magistrate judge offered to swear Patterson because the magistrate judge would not be present during the entire deposition. Patterson in turn objected, because the court personnel who had sworn defendant Wendel at his deposition had not remained for the entire deposition. Patterson expressed her concern that defendants, who had not raised the issue at Wendel's deposition, might later argue that Wendel's deposition was not valid. The magistrate judge ruled that defendants had to give advance notice of any objections to Wendel's deposition and that the district court could address the problem at that time. Patterson stated that the magistrate judge's ruling was "not an acceptable solution" and that she would appeal to the district court. Although the magistrate judge stated that they were going to proceed with her deposition and asked Patterson to listen, Patterson then left the court to find the district judge
 
 
 [6]
 After Patterson's departure, the magistrate judge stated, "She's not interested in the case. She's interested in stirring problems up, I do believe. It's unfortunate. It really is."
 
 
 [7]
 For example, when Patterson exceeded the leave to amend granted by the court by attempting to add several additional counts (without incorporating the new counts into the previous complaint), the court explained that it had granted only limited leave to amend and, "in an attempt to move this cause forward," incorporated the new claim into and retyped the complaint for the plaintiff