129 F.3d 1268
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eric WALKER, Plaintiff-Appellant,
v.
WILL COUNTY SHERIFF'S DEPARTMENT, et al., Defendants-Appellees.
 No. 95-2604.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 28, 1997.
Decided Nov. 3, 1997.[1]
 
 Appeal from the United States District Court of the Northern District of Illinois, Eastern Division, No. 93 C 5657; Wayne R. Andersen, Judge.
 
 
 1
 Before Hon. RICHARD A. POSNER, Chief Judge Hon. WILLIAM J. BAUER, Circuit Judge Hon. TERENCE E. EVANS, Circuit Judge
 
 ORDER
 
 2
 Plaintiff Eric Walker files his third appeal in this § 1983 suit in which he alleges that he was beaten by certain defendants, jail guards, while he was a prisoner in the Will County, Illinois jail. The case presents a long, convoluted history which, after three appeals, we now put to rest.
 
 
 3
 Walker first sought to appeal from an order denying his motion to appoint counsel, and we dismissed the appeal (No. 95-1503) because such an order is not final and appealable, see Randle v. Victor Welding Supply Co., 664 F.2d 1064 (7th Cir.1981), which is precisely what the district court had told Walker prior to his filing the appeal.
 
 
 4
 While that appeal was pending, the district court granted motions to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), as to 7 of the 11 defendants. Walker waited more than a year, then filed an appeal from that order. (Of course, since claims against four defendants remained, he could have, but was not required to, seek permission to file an interlocutory appeal and could instead await the district court's decision on all claims. Our only point is that this further delay helps define the contours of Walker's pattern of filing court documents too late, too early, or not at all, and not in compliance with court rules.) After Walker failed to respond to our order requiring a jurisdictional memorandum, we dismissed the appeal (No. 96-2427) for lack of jurisdiction because of the late notice of appeal. Walker explains now that he thought (wrongly) that he was protected by the fact that an appeal was already pending (he labeled 96-2427 a "reappeal"), so why file another. He nevertheless waited 7 months between our dismissal of the first appeal (November 13, 1995) and filing the new appeal (June 7, 1996).
 
 
 5
 In the meantime, the claims against the remaining four defendants proceeded in the district court. Progress stalled, however, when Walker (who was not in custody at the time) failed to appear for two pre-trial status conferences. After he missed the first conference, the court sua sponte issued an order warning Walker that failure to miss the next hearing would result in dismissal. ("If plaintiff fails to appear at the status hearing in person or by counsel, the court will dismiss this action.") Walker did not show for the second conference. The district court dismissed the case with prejudice for failure to prosecute. Fed.R.Civ.P. 41(b).
 
 
 6
 Walker did not appeal from that final order. Instead, he waited a few days past the 30-day time period for filing an appeal, then filed a motion to reopen, properly construed as a motion under Fed.R.Civ.P. 60(b), see Link v. Wabash R.R. Co., 370 U.S. 626, 632 (1962), which the district court denied. This is the order now before us on appeal.
 
 
 7
 Although we are reviewing the order denying Walker's Rule 60(b) motion to reopen and not the Rule 41(b) order dismissing the case for want of prosecution, in this case--as is often true where the default is based on a failure to appear in court as ordered--the two are closely linked. The Rule 60(b) motion rests entirely on the explanation for plaintiff's failure to appear, which failure is in turn the basis of the default order. See Del Carmen v. Emerson Electric Co., 908 F.2d 158, 161-62 (7th Cir.1990) (although a Rule 60(b) motion is not a substitute for an appeal and review is limited to denial of 60(b) relief, not the dismissal for want of prosecution, as a practical matter the default is also considered), citing Beshear v. Weinzapfel, 474 F.2d 127, 130 (7th Cir.1973) (review of denial of Rule 60(b) motion seeking to reopen default order is "somewhat collapsed" into a review of the default dismissal itself). Cf. Calumet Lumber, Inc. v. Mid-America Industrial, Inc., 103 F.3d 612, 615 (7th Cir.1997) (upholding default judgment entered against defendant; explaining that review of Rule 60(b) order does not reach merits of underlying judgment, a "restrictive approach [which] has much to recommend it where, as here, the district court has given a party the chance to explain its conduct both prior to the entry of default judgment and again upon consideration of a motion to vacate").
 
 
 8
 Walker told the district court that he did not attend the two status conferences because certain defendants "threatened" him. See Fed.R.Civ.P. 60(b)(3) (permitting court to reopen case based on misconduct of opponent to motion). Walker asserted that the city attorney told him that if he did not agree to cooperate with them in other criminal investigations, he should "remember it's your life," and that the city attorney was not making a threat, but a "promise." He alleges further that the next day he saw Deputy Kevin Kipper, who said, "You know you are dead." When Walker reported this to the city attorney, she said, "Your [sic] getting what you have comeing [sic]." The city attorney and Kipper filed affidavits swearing they never made such comments.
 
 
 9
 The district court did not believe Walker. It found, however, that even if the comments were made, they could "hardly be construed as threats to harm plaintiff because of this lawsuit"; that the comments were "inappropriate" but "vague"; that they were not related to this particular lawsuit; and that they "were not of the sort that would cause a reasonable person to abandon his or her lawsuit." We cannot fault the district court's credibility findings. See Johnson v. Kamminga, 34 F.3d 466, 468 (7th Cir.1994) (in reviewing dismissal of action for failure to prosecute, the district court's findings of fact are reversible only if clearly erroneous); Halas v. Consumer Servs., Inc., 16 F.3d 161, 164 (7th Cir.1994) (same).
 
 
 10
 Moreover, the "threats" excuse is inconsistent with Walker's current stance that he simply did not believe the status hearing was necessary. See Lockhart, 925 F.2d 214 (7th Cir.1991) (noting inconsistent explanations for failure to attend hearing). Also, instead of using the status hearings as an opportunity to inform the district court of the purported "threats," Walker waited from the time of these "threats" (last week of December 1994), until filing the Rule 60(b) motion in February 1995, to inform the court. Although he insists that he had earlier sent a letter to the court about the threats, the district court found this not credible: "[N]either the court nor the clerk has any record of ever having received any notice from plaintiff ..." Moreover, the district court expressly warned Walker that he faced dismissal of his case. In addition, the record is replete with evidence of Walker's negligence in handling the litigation.
 
 
 11
 In any event, Walker makes little effort to pursue the claimed threats excuse on appeal. Instead, he argues that the district court did not need to hold a status conference. Walker reasons that his no-show choices were made because the "district court knew that there was no change in this case from the last status hearing." (Appellant's Brief, p. 5.) He also argues: "[T]o this day plaintiff doesn't [know why] the district court set a status hearing," since the "status was the same." (Appellant's Brief, p. 9) He complains further that the district court failed to "give any reason for the status hearing." (Appellant's Brief, p. 17.)
 
 
 12
 Walker also believed that if he "decide[d] he want[ed] to go ahead" he could always refile the case within a year. (Appellant's Brief, p. 10.) (Walker mistakes a voluntary dismissal under Rule 41(a) for an involuntary dismissal with prejudice under Rule 41(b).) Walker similarly informed the district court that, regardless of any dismissal, he considered the case still pending. A mere dismissal was not going to stop Walker from proceeding. He argued: "Plaintiff sees this [case] as still pend[ing] in the district court, no matter if Judge Andersen dismissed it or not and plaintiff can still proceed in that case in the district court." This type of stance, whether characterized as casual disregard or blatantly audacious, is certain to result in the denial of a Rule 60(b) motion to reopen a case previously dismissed for want of prosecution. See Downs v. Westphall, 78 F.3d 1252 (7th Cir.1996) (litigants refused to appear in court or "submit to the jurisdiction" of the court "because it will be an exercise in futility"), amended on denial of rehearing, 87 F.3d 202 (7th Cir.1996).
 
 
 13
 We find no abuse of discretion in the district court's rejection of the excuse offered by Walker as a basis for denying the relief sought in the Rule 60(b) motion. It is within the district court's discretion to dismiss a case for failure to prosecute where "there exists a clear record of delay or contumacious conduct or when less drastic sanctions have proven ineffective." Lowe v. City of East Chicago, 897 F.2d 272, 274 (7th Cir.1990). And "we have consistently held that a judge is not required to employ 'progressive discipline' before ultimately dismissing a case for want of prosecution," since such a rule would in effect grant "each litigant one opportunity to disregard the court's schedule without fear of penalty." Johnson v. Kamminga, 34 F.3d 466, 468 (7th Cir.1994).
 
 
 14
 As the district court noted, Walker paid insufficient attention to the litigation while he was not in custody; only upon returning to jail did he show a renewed interest in the suit: "Having failed to prosecute his case while free, plaintiff cannot expect to pick up where he left off once he is back in custody." Cf. Johnson v. Kamminga, 34 F.3d 466, 468 (7th Cir.1994) ("it was not clearly erroneous for the district court to conclude that Johnson, now released from prison, was not sufficiently interested in pursuing his case").
 
 
 15
 Walker argues that the district court paid insufficient heed to the fact that he was appearing pro se. This court has repeatedly held that even pro se litigants must comply with court rules and directives. See, e.g., Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir.1996) ("being a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders," or to "choose which of the court's rules and orders it will follow, and which it will wilfully disregard"); Jones v. Phipps, 39 F.3d 158, 163 (7th Cir.1994) (lack of legal counsel is not good cause for defaulting). Notably, much of the time Walker was not in jail; he could have pursued this litigation more easily than imprisoned plaintiffs, against whom we have upheld dismissals based on default. Cf Lucien v. Breweur, 9 F.3d 26, 27-28 (7th Cir.1993) (affirming dismissal for failure to prosecute where imprisoned plaintiff refused to appear in court for pre-trial conference on basis that he found prison's security measures used to transport him were painful).
 
 
 16
 In finding a pattern of neglect and mishandling of his litigation, we also point out that in the 17 appeals Walker has filed in this court, we have rarely been able to reach the merits. Four appeals were dismissed due to Walker's default; five appeals were dismissed for lack of jurisdiction; at least one was dismissed for failure to satisfy Circuit Rule 3(b) by paying the required docketing fee; another appeal was voluntarily dismissed by Walker; and three appeals were summarily affirmed and IFP status denied. Only one appeal was remanded for further proceedings. In many of these cases, Walker displayed a pattern of filing duplicative appeals; ignoring this court's orders to file fees, jurisdictional memoranda, or other documents; filing premature appeals, before a final judgment existed; and filing tardy appeals, too long after final judgment was entered.
 
 
 17
 Walker argues that the default would not have occurred if the district court had seen fit to appoint counsel for him. The default here, however, was not the result of Walker's failure to understand the need to appear for a status conference. Walker himself admits that it was because he thought the judge wrong to even hold a status conference.
 
 
 18
 Even if we were able to reach beyond the denial of the Rule 60(b) motion and look at the motions for appointment of counsel, we would find no abuse of discretion, given the uncomplicated nature of the remaining claims. Also, in regard to Walker's last two motions seeking appointment of counsel, which were filed after the default order was entered, we find that the district court properly denied the motions as moot, since the case had already been dismissed and the Rule 60(b) motion denied. The district court, particularly after finding the claims against four defendants meritorious enough to withstand motions to dismiss under Rule 12(b)(6), might have entertained a renewed motion for appointment of counsel at some point (the very reason we held in Randle that denial of a motion to appoint counsel is not a final, appealable order). But Walker did not renew the motion seeking counsel until nearly five months after the default order was entered.
 
 
 19
 For purposes of changes made to 28 U.S.C. § 1915 by the Prison Litigation Reform Act (PLRA), Walker's history of frivolous appeals and district court dismissals gives us an abundance of dispositions that qualify as "strikes" under the PLRA, see generally Newlin v. Helman, 123 F.3d 429 (7th Cir.1997), and we are not hindered by the fact that he was not always proceeding informa pauperis, see Duvall v. Miller, 122 F.3d 489 (7th Cir.1997). We find that Walker has acquired two strikes under the PLRA. The next strike, therefore, will result in restrictions in Walker's right to bring a federal civil rights suit or appeal. See 28 U.S.C. § 1915(g).
 
 
 20
 For the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)