165 F.3d 31
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mark DURHAM. Plaintiff-Appellant,
v.
Robert LEWIS, et. al., Defendants-Appellees.
 No. 98-1761.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 17, 1998.*
Decided Nov. 25, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Western Division. No. 96-C-50395. Philip G. Reinhard, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. JOHN L. COFFEY, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Mark Durham filed this suit in November 1996 alleging various federal civil rights and state law violations arising out of a search of his residence and a seizure of his property. In March 1998, after Durham missed a discovery conference and misled the court as to why, the district court dismissed the case for want of prosecution. Durham now appeals. We affirm.
 
 Background
 
 2
 Mark Durham and one of the private defendants, Charlene Willis, had a water treatment business together, Absolute Water Treatment, Inc. Willis provided the capital and is the only known shareholder,[1] while Durham ran the daily operations. After their personal and professional relationship deteriorated, Durham moved out of a home owned by Willis and took with him certain home appliances, furniture, and machinery. Willis filed a theft complaint with the Winnebago County State's Attorney's Office. To accompany her own recollection of the items taken, she solicited a list, further detailing some of the allegedly stolen property, from Harriet Maybee, a customer who paid for her water treatment system in part with items Durham had taken.
 
 
 3
 After confirming that Durham possessed at least some of the items, defendant Robert Lewis, a state's attorney investigator, obtained a search warrant for Durham's residence. Lewis, accompanied by fellow investigator George Krebs and Boone County Deputy Sheriff Perry Gay, as well as Willis and William Paris (the other private defendant), found and removed several items from the residence. Durham was charged with felony theft, but the charges were dropped after a state judge suppressed the evidence. The judge found that Lewis's failure to disclose a statement by Harriet Maybee in the document containing the list, saying the Maybees gave the items to Mark Durham, but not mentioning Willis, invalidated the warrant under Franks v. Delaware, 438 U.S. 154 (1978).
 
 
 4
 Represented by counsel. Durham pursued his claims through most of 1997 as he began discovery and responded to the defendants' motions. In February, Durham voluntarily dismissed defendant Perry Gay. In October, the court narrowed the case when it granted the private defendants' motion to dismiss one civil rights claim and their motion for summary judgment as to the others. In early December, Durham's counsel withdrew citing Rule of Professional Conduct 1.16(a)(2) (continued employment will result in a violation of the Rules). The magistrate judge gave Durham until January 6, 1998 to obtain new counsel and reset a discovery conference, already once postponed, for January 7. The magistrate judge specifically directed Durham to attend or to have new counsel appear, and warned that the case could be dismissed for want of prosecution if no one showed up on his behalf.
 
 
 5
 When on January 7 neither Durham nor a lawyer representing him appeared, the magistrate judge issued a Report and Recommendation ("R & R") advising that the case be dismissed for want of prosecution. On January 27, after the time provided for filing objections had passed, the district judge adopted the R & R and dismissed the case for want of prosecution. Durham finally responded on February 4, and explained. In a pro se "motion to vacate," that because of his counsel's withdrawal he had been unaware of the discovery conference. Shortly thereafter, Durham engaged new counsel. On March 4, in the second hearing on the matter, the district court found that Durham had been present when the magistrate judge scheduled the discovery conference and warned of the possibility of dismissal. Having noted the lack of merit to Durham's remaining federal civil rights claims, his failure to meet the court's deadlines or offer a legitimate excuse, and his effort to mislead the court as to his knowledge of the discovery conference, the judge denied the "motion to vacate" and dismissed Durham's case with prejudice. Durham now appeals.
 
 Analysis
 
 6
 We review dismissals for want of prosecution under an abuse of discretion standard. See Williams v. Chicago Bd. of Educ., 155 F .3d 853, 857 (7th Cir.1998). An abuse of discretion is more than a belief that "we would have acted differently if placed in the circumstance confronting the district judge." Id. (internal quotations omitted). Reversal is warranted only if it is clear that no reasonable person could agree with the district court. See Daniels v. Brennan, 887 F.2d 783, 785 (7th Cir.1989).
 
 
 7
 A district court possesses the inherent authority to dismiss a case sua sponte for want of prosecution. See Williams, 155 F.3d at 857. Dismissal, however, is a harsh sanction and should be used "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Id. (internal quotations omitted). Moreover, the plaintiff is entitled to due warning that the court may take such an action. See Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir.1993). Still, the warnings need not be repetitive and the court does not need to employ less drastic sanctions before dismissing the case. See id. at 755-57. When contemplating the appropriateness of dismissing a case for want of prosecution, a court should consider "the frequency and magnitude of the plaintiff's failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." Williams, 155 F.3d at 857. See also Ball, 2 F.3d at 759-60. Courts have also examined the reasons the plaintiff offers for his non-compliance. See Johnson v. Kamminga, 34 F.3d 466, 468 (7th Cir.1994); Pyramid Energy, Ltd. v. Heyl & Patterson. Inc., 869 F.2d 1058, 1063 (7th Cir.1989).
 
 
 8
 There are three factors that support the district court's decision to dismiss Durham's case for want of prosecution. First. Durham failed to comply with court deadlines. Knowing that the magistrate judge had threatened dismissal for want of prosecution if no one appeared on his behalf, Durham failed to show up for a discovery conference, a conference that had already been delayed twice. Durham did not contact the court or opposing counsel to inform them that he would be unable to attend--he just failed to appear. Likewise. Durham did not file any objections to the R & R within the time provided. It was only on February 4, almost a month after Durham was originally supposed to appear, that he voiced a desire to maintain his lawsuit. Durham asks for leniency because he was proceeding pro se during this period, but that fact is of little consequence in light of his complete failure to express an intent to pursue his claims. Although the case was not particularly old. Durham's non-compliance effectively added at least two months worth of delays to a case that still had significant discovery remaining. Even if not egregious, the delays occasioned by Durham's non-compliance contribute to a conclusion that dismissal for want of prosecution was an appropriate sanction.
 
 
 9
 Second. Durham offered a patently false explanation for his absence at the discovery conference. In his "motion to vacate." Durham alleged that he was "not aware of the date set as the deadline for the retaining of new counsel." However, he was in court when the magistrate judge announced that deadline, as well as the date of the discovery conference and the possibility of dismissal if no one appeared on his behalf. This deception was only compounded when, at the first hearing on his "motion to vacate," the court asked Durham's new attorney if Durham was present when the magistrate judge announced the deadline. His attorney responded that he did not know, while Durham, who had accompanied his new lawyer to the hearing on the "motion to vacate." made no effort to clarify the situation. Thus, the court had to have a second hearing on the matter a week later. In general, deception of the court is the kind of contumacious behavior for which a dismissal for want of prosecution is an appropriate sanction. See Johnson, 34 F.3d at 468. This is especially so where the deception creates further delays and requires additional expenditure of judicial resources, as in the present case. Durham has not contested the finding that he deceived the court. Thus, Durham's deception provides strong support for the district court's ruling.
 
 
 10
 Finally, as noted by the district court. Durham's primary claim of illegality appears to lack merit. The state judge who suppressed the evidence misunderstood the import of the document listing the items Harriet Maybee exchanged as partial payment for a water treatment system. Maybee prepared the list at Willis's request to identify items given to Absolute Water Treatment. Inc., in exchange for the water treatment system, which Durham, as a representative of the company, sold. Thus, contrary to the state judge's understanding, the list does not suggest that Durham had an ownership interest in the items or that Investigator Lewis should have thought the list carried such a meaning. Accordingly, the list was not exculpatory and Investigator Lewis's failure to disclose it to the state judge would not violate the principle of Franks v. Delaware. Durham makes other civil rights and state law claims that the district court did not evaluate, but it is, at best, unclear whether these claims have merit. The mere possibility that Durham could state a meritorious claim, in any event, is insufficient to save his case.
 
 
 11
 Together, Durham's failure to comply with court deadlines, his deceptive explanation for his non-compliance, and the questionable merit of his claims, make the district court's decision to dismiss Durham's case for want of prosecution a reasonable one. Reasonableness is sufficient to survive review under an abuse of discretion standard. Accordingly, we AFFIRM the dismissal for want of prosecution with prejudice.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Willis owns 100 of the 1000 authorized shares. The record is silent on the ownership of the remaining shares