\* The defendant is incorrectly named in the complaint as "Aon–Combined Insurance Company."

28 U.S.C. § 1915(e)(2)(B)(i) and added that it failed to state a claim under Fed. R.Civ.P. 12(b)(6).

Griffin's appellate brief repeats some of his factual allegations but offers no insight into why he believes the district court erred in dismissing his complaint. Although we liberally construe filings by pro se litigants, we must still be able to ascertain the arguments a litigant raises. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001). Griffin presents us with no cognizable arguments, and accordingly we must dismiss his appeal. *See* Fed. R.App. P. 28(a)(9); *Anderson*, 241 F.3d at 545.

DISMISSED.

**Chantay WILLIAMS, Plaintiff–Appellant,**

v.

**COMBINED INSURANCE COMPANY OF AMERICA,\* Defendant–Appellee.**

No. 03–2131.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 16, 2003.\*\*

Decided Dec. 17, 2003.

\*\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is

661

## ORDER

Chantay Williams is an African–American woman who was previously employed by Combined Insurance Company of America. Williams sued Combined for employment discrimination, but the district court dismissed her case under Fed. R.Civ.P. 41(b) after she failed to respond to a court-ordered discovery deadline. Because the district court abused its discretion when it dismissed the case without first warning Williams of the potential consequences if she missed the deadline, we vacate the dismissal.

Williams retained an attorney and filed suit in July 2002. Combined answered Williams's complaint, and the district court then held two status hearings and ordered the parties to participate in discovery. Fifteen days before the close of discovery, Williams's attorney withdrew from the case, and Williams thereafter proceeded pro se. After counsel's withdrawal, the court extended the discovery deadline by one month until March 18, 2003. Williams did not respond by the new deadline and seven days later the court *sua sponte* dismissed her case for want of prosecution under Fed.R.Civ.P. 41(b).

We review a dismissal for want of prosecution only to determine if the district court abused its discretion. *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 907–08 (7th Cir.2003). Nonetheless, dismissal for failure to prosecute is a harsh penalty that should be used to sanction only extreme misconduct. *See Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir.2000). We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plain-

Chantay Williams, Chicago, IL, for Plaintiff–Appellant.

Douglas R. Stevens, Chicago, IL, for Defendant–Appellee.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

submitted on the briefs and the record. *See*    Fed. R.App. P. 34(a)(2).

tiff. *See Aura Lamp*, 325 F.3d at 908; *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000); *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1018–19 (7th Cir.2000); *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir.1993). Only the most outrageous misconduct will warrant dismissing a case without first warning the plaintiff. *See Moffitt v. Ill. State Bd. of Educ.*, 236 F.3d 868, 873 (7th Cir.2001) (no warning needed when plaintiff unprepared to proceed on first day of jury trial after court had twice denied requests for postponement); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir.1994) (warning not required when plaintiff's seven-year history of litigation delays culminated with his failure to appear for first day of trial). Furthermore, the need for a warning is particularly great where the plaintiff is proceeding pro se. *In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir.1995).

Here there is no "clear record of delay or contumacious conduct" that would justify a dismissal. *Rice v. City of Chicago*, 333 F.3d 780, 785–86 (7th Cir.2003) (internal quotations omitted). To the contrary, Williams missed only a single deadline set by the district court, and the district court promptly dismissed the case only seven days later. *See Kruger*, 214 F.3d at 787 ("One missed deadline is not a pattern of dilatory conduct...."); *Casteel v. Pieschek*, 3 F.3d 1050, 1055–56 (7th Cir.1993). Furthermore, Williams was proceeding pro se. Although she was previously represented by counsel, her attorney had withdrawn only seven weeks before the court dismissed the case. Given these circumstances, Williams may not have fully understood the need to comply with the discovery deadline. Lastly, Combined has not argued that it was prejudiced in any way because Williams missed the deadline. *See Ball*, 2 F.3d at 760 (prejudice to defendant should be considered by court when imposing sanction on plaintiff).

The district court abused its discretion when it dismissed Williams's case without first warning her. Accordingly, we VACATE the dismissal and REMAND for further proceedings.