In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 05-3391

DONNA B. FISCHER,

*Plaintiff-Appellant*,

*v.*

CINGULAR WIRELESS, LLC,

*Defendant-Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 7629—**Charles P. Kocoras**, *Chief Judge*.

_____

SUBMITTED APRIL 6, 2006—DECIDED MAY 1, 2006

_____

Before BAUER, POSNER, and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*. This appeal from the dismissal of a lawsuit because of the plaintiff's failure to prosecute it requires us to consider whether an explicit warning to the plaintiff must always precede such a dismissal.

On November 23, 2004, Donna Fischer filed a suit pro se against her former employer, Cingular, charging age and sex discrimination. The district judge dismissed the case without prejudice after Fischer failed to appear at the first two status hearings that he had scheduled. She moved to reinstate the case, claiming that she hadn't

received notice of the hearings; and on April 21, 2005, the district court vacated the dismissal and directed that discovery be completed by August 22. The parties agreed to exchange their Rule 26(a)(1) disclosures by May 20. Cingular complied with the deadline. Fischer did not but instead requested an extension of time to June 17, to which Cingular agreed. Cingular also served Fischer with a document request under Rule 34 and interrogatories under Rules 26 and 33—all with a deadline of June 27 for her responses—and a notice scheduling her deposition under Rule 30(a)(1) for July 15. On June 25, Fischer told Cingular that she would be unable to comply with the June 27 deadline (she had still not complied with the June 17 deadline for the Rule 26(a)(1) exchange) but would comply by July 1. When by July 11 Fischer still had not produced either her Rule 26(a)(1) disclosures or her responses to the discovery demands, Cingular moved the district court for an order to compel her responses to its discovery requests and command her "to agree to present herself for her deposition on one of the following dates: July 20th, July 26th, August 1st, August 2nd, or August 3rd, *or face dismissal of this case for failure to prosecute*" (emphasis added).

At an oral hearing on Cingular's motion, Fischer tried to excuse her failure to comply with the company's discovery requests. But she entangled herself in contradictions, first volunteering that her written responses were "partially done" and that she "was putting [them] in the mail today," then acknowledging that she hadn't been able to comply "because I work six days a week" and later still "because I had a [real estate] trial," then returning to her first point: "I was ready for my—ready to put it in the mail today." She told the court that she was prepared to be deposed on July 15 as agreed, but then she backtracked, saying that "we had

agreed on a Thursday for all of my depositions, and [Cingular] did not give me Thursdays."

The district judge rejected Fischer's excuses and told her "it is not a question of preparedness, it is a question of doing." Noting the inconsistencies in her explanations and the fact that the case had been dismissed once before for failure to prosecute, the judge now dismissed the case with prejudice, precipitating this appeal. He did so without warning Fischer that dismissal loomed, though *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993), says there "must" be such a warning, and *Ball*'s "must" was quoted in *Aura Lamp & Lighting, Inc. v. International Trading Corp.*, 325 F.3d 903, 907-08 (7th Cir. 2003); see also *Williams v. Chicago Board of Education*, 155 F.3d 853 (7th Cir. 1998), while *In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995) (per curiam), says that the court "should" warn attorneys but "must" warn pro se litigants, and *Bolt v. Loy*, 227 F.3d 854, 856-57 (7th Cir. 2000), that the court generally "should" warn but "must" warn if the plaintiff's failure to prosecute is due only to ordinary misconduct. Most of our cases, however, soften "must" to "should," *Harrington v. City of Chicago*, 433 F.3d 542, 549 (7th Cir. 2006); *Moffitt v. Illinois State Board of Education*, 236 F.3d 868, 873 (7th Cir. 2001); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000) (per curiam); *Dunphy v. McKee*, 134 F.3d 1297, 1301 (7th Cir. 1998), or treat the terms as interchangeable (as in *Ball*, *Bluestein*, and *Williams*), or term the requirement of a warning merely the "general" rule. *Federal Election Comm'n v. Al Salvi for Senate Committee*, 205 F.3d 1015, 1018 (7th Cir. 2000). Several of our cases (two discussed in the next paragraph—plus *Ball* itself, the original of the "must" requirement) are explicit that a warning is not always required, as are a number of cases in other circuits. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002); *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th

Cir. 2000); *Rodgers v. Curators of the University of Missouri*, 135 F.3d 1216, 1221 (8th Cir. 1998); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 919, 921-22 (10th Cir. 1992).

*Ball*'s use of "must" was not intended to lay down a rigid rule, as is clear from discussion elsewhere in the opinion. 2 F.3d at 756. It was intended rather as a useful guideline to district judges—a safe harbor to minimize the likelihood of appeal and reversal. *Ball* differs only in tone and nuance from the earlier discussion of the warning issue in *Johnson v. Kamminga*, 34 F.3d 466, 468-69 (7th Cir. 1994), where we said that "although district courts are encouraged to warn litigants before dismissing a case for failure to prosecute, whether they in fact do so is clearly within their discretion. *Lockhart v. Sullivan*, 925 F.2d 214, 219 (7th Cir. 1991). Leaving the decision to the district courts ensures that dilatory tactics are sanctioned appropriately. The prejudice incurred by a delay in one case may far outweigh that caused in another. Were district courts required to warn litigants before dismissing a case, we would in effect be granting each litigant one opportunity to disregard the court's schedule without fear of penalty regardless of the harm done to other litigants. Such a rule would impermissibly burden the district courts in their efforts to manage their dockets. Using this standard, we held in *Lockhart* that inconsistencies in the plaintiff's excuse for not attending a discovery-related status hearing combined with the plaintiff's record of dilatory conduct supported the trial judge's decision to dismiss the case with prejudice even though he did not provide a warning beforehand." Granted, the facts in *Johnson* were more extreme than in this case, and *Kruger v. Apfel, supra*, 214 F.3d at 787, sought to confine *Johnson*; but it did not purport to overrule it.

Cingular's request that the suit be dismissed if Fischer continued to disregard discovery deadlines, the fact that the

judge had already dismissed the suit once for failure to prosecute, and Fischer's lame excuses at the hearing were circumstances in light of which, given her dilatoriness, we cannot say that the district judge abused his discretion in dismissing the suit with prejudice the second time, even though he had given no warning. See *Williams v. Chicago Board of Education*, *supra*, 155 F.3d at 858-59. The first point—Cingular's request, communicated in a motion served on Fischer, that the judge dismiss the case if she continued to ignore discovery deadlines—deserves particular emphasis. The purpose of requiring a warning is not to entrap district judges but to make sure that the plaintiff is warned. The warning need not (despite a contrary suggestion in *Kruger v. Apfel*, *supra*, 214 F.3d at 788) always come from the judge. This is a general principle of law, not anything special to dismissals for want of prosecution. See, e.g., *United States v. Williams*, 298 F.3d 688, 692-93 (7th Cir. 2002); *Damerville v. United States*, 197 F.3d 287, 289-90 (7th Cir. 1999).

AFFIRMED.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
