BLD-244                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1372
_____

In re: GORDON FORSTER LAWSON,
Appellant

GORDON FORSTER LAWSON

v.

DANIEL J. GALLAGHER; SOUTH FORK MORTGAGE CORP.;
FISHERMAN'S HARBOR LLC; DENISE GALLAGHER; and
LAURA G. GALLAGHER
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:18-cv-17459)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2), or for
Possible Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 25, 2019
Before:  AMBRO, KRAUSE, and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 5, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

The debtor here, Gordon Forster Lawson, wanted appellate review of an order of the Bankruptcy Court granting a creditor relief from the Bankruptcy Code's automatic stay provision (11 U.S.C. § 362(a)). The District Court, however, dismissed Lawson's pro se bankruptcy appeal at the outset, because he failed to timely file the set of documents required by Fed. R. Bankr. P. 8009(a)(1)(A): "a designation of the items to be included in the record on appeal and a statement of the issues to be presented." See Fed. R. Bankr. P. 8009(a)(1)(B)(i) (providing that documents described in Rule 8009(a)(1)(A) must be filed with bankruptcy court clerk within 14 days after appellant's notice of appeal becomes effective).

Lawson's motion to reinstate his bankruptcy appeal—which was filed five days after dismissal and purported to attach the documents required by Fed. R. Bankr. P. 8009(a)(1)(A)—was denied by the District Court. This appeal followed.

We have jurisdiction under 28 U.S.C. § 158(d)(1). Lawson's motion to reinstate his bankruptcy appeal after it was dismissed was, in essence, a motion for reconsideration under the Federal Rules of Civil Procedure; his timely appeal of the District Court's order denying that motion brings up the underlying dismissal order for review. See Fed. R. App. P. 4(a)(4)(A); McAlister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992). That review is for abuse of discretion. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

As a general matter, district courts are permitted to dismiss bankruptcy appeals when appellants fail to comply with Rule 8009(a)(1). See Fed. R. Bank. P. 8003(a)(2); In

2

re Truong, 513 F.3d 91, 93 n.2 (3d Cir. 2008) (per curiam); see also In re One2One

Commc'ns, LLC, 805 F.3d 428, 449 (3d Cir. 2015) (Krause, J., concurring).  But "[n]ot

every failure to follow procedural rules mandates dismissal of the appeal." In re Comer,

716 F.2d 168, 177 (3d Cir. 1983).[1]  And "we have repeatedly stated our preference that

cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d

1178, 1181 (3d Cir. 1984).

Here, the District Court did not identify on the record why dismissal, and not some

lesser sanction, was appropriate in this particular case.  It should have done so.  See

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (setting forth a

variety of factors for district courts to consider before dismissing a complaint); cf.

Jewelcor Inc. v. Asia Commercial Co., 11 F.3d 394, 397 (3d Cir. 1993) ("We review a

dismissal for failure to prosecute only for an abuse of discretion, but the district court

must have considered less severe sanctions.").[2]  For while the District Court had the

---

[1] In Comer, we affirmed the district court's refusal to dismiss a bankruptcy appeal by certain creditors, notwithstanding their failure to "seasonably file the designation of the contents of the record and a statement of issues," upon "finding no prejudice to debtors or bad faith on the part of the creditors." 716 F.2d at 177.

[2] The District Court also did not provide Lawson with (a) notice that it was considering dismissal, and (b) an opportunity to respond. See In re Harris, 464 F.3d 263, 265 (2d Cir. 2006) (Sotomayor, J.) (holding that district court abused its discretion when it dismissed debtor's appeal, for failure to file a complete designation of the record on appeal, in part because district court did not first give debtor notice and an opportunity to respond); cf. In re Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir. 1995) (recognizing that "where a plaintiff brings an action *pro se,* and so is particularly in need of the court's patience and instruction, this court has consistently held that a district court *must* give explicit warning prior to dismissing the case for want of prosecution").  We acknowledge that, one day before dismissal of Lawson's bankruptcy appeal, the Deputy Clerk of the Bankruptcy Court filed with the District Court a certification of Rule 8009(a)(1) non-compliance,

3

power to dismiss Lawson's appeal as a result of his failure to comply with Fed. R. Bankr. P. 8009(a)(1), and while imposition of such a sanction must be accorded "great deference by this Court," Mindek, 964 F.2d at 1373, the lack of a stated rationale for choosing that sanction ultimately inhibits our ability to exercise abuse-of-discretion review.  Under these circumstances, we are constrained to return this case to the District Court. See generally Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74-76 (3d Cir. 1987).[3]

Accordingly, for the reasons given above, we will vacate the District Court's judgment, see 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018), and remand for the District Court to address in a reasoned opinion what sanction, if any, is an appropriate response to Lawson's failure to comply with Fed. R. Bankr. P. 8009(a)(1).

---

with a proposed order of dismissal attached thereto.  The Deputy Clerk's certification, however, did not invite a response from Lawson, and it is not a fair substitute for notice from the District Court that it was considering dismissal.

[3] Given our disposition, it is unnecessary to separately address whether the District Court abused its discretion in denying Lawson's motion to reinstate the appeal.